### HILL et al. v. NOLAND et al.†

(Court of Civil Appeals of Texas. Texarkana. June 20, 1912. Rehearing Denied June 29, 1912.)

DESCENT AND DISTRIBUTION (§ 63*)—DEATH OF HUSBAND—COMMUNITY PROPERTY—RIGHT TO TAKE—FORFEITURE.

Rev. St. 1895, art. 1696, provides that, on dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor if there be no children or their descendants. *Held*, that the fact that the wife had murdered her husband or procured him to be murdered for the sole purpose of investing herself with the title of his property did not forfeit her right thereto.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 190–193; Dec. Dig. § 63.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Tom Hill and others against Patsy Noland and others. From a judgment sustaining a general demurrer to the petition, plaintiffs appeal. Affirmed.

See, also, 147 S. W. 365.

The court sustained a general demurrer to the petition, and the appeal is to revise the ruling. According to the petition Mack Noland died intestate and without any children, but left surviving him his wife, Patsy Noland, the appellee, and the appellants, who are his brothers and sisters. Patsy Noland and her husband owned and at his death were in possession of certain community realty, which is the property in controversy. The brothers and sisters filed this suit against the wife for title and possession and to remove the cloud from the title of a one-half undivided interest in this community property of deceased and Patsy Noland. It was alleged that Patsy Noland had murdered and procured to be murdered her husband, Mack Noland, in September, 1910, for the sole purpose of in-

---

vesting herself with the title to his property, and for that reason the community interest of Mack Noland did not pass and descend to her, but the title and right to possession passed and descended to the brothers and sisters as sole remaining next of kin.

Jones & Bibb, M. P. McGee, and P. M. Young, all of Marshall, for appellants. Beard & Davidson and Young & Abney, all of Marshall, for appellees.

LEVY, J. (after stating the facts as above). The petition admits that Patsy Noland is the wife of Mack Noland, deceased, and that the property in controversy was their community estate, and that there was no child of the marriage, and that the deceased left no will. Appellants admittedly rely for title and the right to possession to the one-half undivided interest of Mack Noland, deceased, and upon the further allegation that the wife murdered or procured to be murdered her husband for the sole purpose of investing herself with the title to his one-half of the property.

Assuming, as we must, that the facts alleged are true, the question arises as to whether the wife is barred from inheriting her husband's interest in the community estate, to which she would otherwise be entitled, on the ground that her crime disabled her to take his interest in the property. The devolution of property is regulated by statute. Article 1696 of the Revised Civil Statutes provides that upon dissolution of the marriage relation by death all property belonging to the community estate of the husband and wife shall go to the survivor if there be no children or their descendants. The article in plain and unambiguous language designates the person to whom the estate shall descend eo instanti upon the happening of death, and there is neither condition nor exception debarring or forfeiting the estate or the right of succession to the wife or husband. As the rule of inheritance is explicit and imperative, and the statute contains no hint that the wife is to be excluded on account of crime or misconduct, the courts would not be warranted in reading into the statute a clause disinheriting her for her alleged crime. For a court to ingraft an exception upon the statute would be judicial legislation. The penalties for felonious homicide are prescribed in the criminal statutes. It is conceded that, unless the wife is debarred from her statutory right of succession, the appellants would have no claim or interest in the property. The same question as here is discussed and the view we have taken has support in the following cases, which are in point: McAllister v. Fair, 72 Kan. 533, 84 Pac. 112, 3 L. R. A. (N. S.) 726, 115 Am. St. Rep. 233, 7 Ann. Cas. 973; Carpenter's Estate, 170 Pa. 203, 32 Atl. 637, 29 L. R. A. 145, 50 Am. St. Rep. 765; Shellenberger v. Ransom, 41 Neb. 631, 59 N. W. 935, 25 L. R. A. 564; Owens v. Owens, 100 N. C. 240, 6 S. E. 794. The state of Iowa has, it appears, a statute providing that "no person who feloniously takes or causes or procures another so to take the life of another shall inherit from such person or take by devise or legally from him any portion of his estate." Code, § 3386. See Kuhn's Estate, 125 Iowa, 449, 101 N. W. 151, 2 Ann. Cas. 657. The case of Perry v. Strawbridge, 209 Mo. 621, 108 S. W. 641, 16 L. R. A. (N. S.) 244, 123 Am. St. Rep. 610, 14 Ann. Cas. 92, is cited by appellants, and it sustains their contention, but it is not in harmony with the weight of authority where the statute itself casts the estate and right of succession, as admitted by that court in the opinion. The other cases relied on by appellants as authorities against the right to inherit because of murder are those involving wills and insurance policies and the like. In such cases there was no statute involved, and the court based its judgment on common law principles entirely. As said in the case of McAllister v. Fair, supra: "There is a manifest difference, however, between private grants, conveyances, and contracts of individuals, and a public act of the Legislature. It might be that a person would not be permitted to avail himself of the benefits of an insurance policy the maturity of which had been accelerated by his felonious act. Many considerations of an equitable nature might affect the operation or enforcement of a grant or contract of a private person which would have no application or bearing on a statute enacted by the Legislature. So far as the descent of property is concerned, the courts are practically unanimous in holding that all the power and responsibility rests with the Legislature. They have spoken with one voice in opposition to the exclusion of an heir from taking an estate, where the statute in plain terms designates him as one entitled to inherit." In the character of cases mentioned it is the agreement and intention of the parties that casts the right, while in the present facts it is the intestate law alone that casts the estate and right of succession to the wife, and this law is absolute and peremptory.

There was no error in sustaining the demurrer, and the judgment is affirmed.