## CHARLES P. LINEBERRY v. TOWN OF MEBANE.

(Filed 5 March, 1941.)

**1. Master and Servant § 39a—**

An infant employee is bound by the terms of the North Carolina Work-men's Compensation Act regardless of his age. Secs. 4, 5, ch. 120, Public Laws of 1929.

**2. Master and Servant § 47—**

For the purpose of filing and prosecuting claim for compensation, an injured employee is *sui juris* at the age of eighteen.

**3. Same—**

The limitation of time for filing claim under the Workmen's Compensation Act, sec. 24, ch. 120, Public Laws of 1929, is tolled as to an employee under eighteen years of age who is without guardian or other legal representative until he arrives at the age of eighteen, the common law rule as to disability of infants not having been modified in this respect by the Compensation Act.

PETITION to rehear. Original opinion reported in 218 N. C., 737.

*Long, Long & Barrett for plaintiff, appellant.*
*Thos. C. Carter and June A. Crumpler for defendant, appellee.*

BARNHILL, J. Claimant was born 7 July, 1921. He was injured 31 May, 1938. He was 18 years of age 7 July, 1939, and filed claim on 24 July, 1939. Thus it appears that the statement in the original opinion "that more than 12 months expired after claimant became 18 years of age before claim was filed" was due to a miscalculation of time. This being true, it becomes necessary to determine whether the limitation of time provided in the Workmen's Compensation Act (sec. 24, ch. 120, Public Laws 1929) for filing claim thereunder is tolled in behalf of a person under 18 years of age who is without guardian or other legal representative.

At common law an infant was under disability and without legal capacity to contract or to act in his own name in asserting a right in any legal proceeding. He could neither sue nor defend a suit in his own name. So long as he was without guardian limitations of time were tolled during the continuance of the disability. This common law rule still prevails in this State, except as it may have been modified by statute.

To what extent, if any, is this common law rule, as to the disability of infants, modified by the Workmen's Compensation Act? The answer to this question answers the question posed by this appeal.

9—219

For the purpose of becoming bound by the Workmen's Compensation Act the disability of an infant of whatever age is removed. The term "employee" is defined to mean "every person engaged in an employment under any appointment of hire or apprenticeship, express or implied, oral or written, including aliens and also including minors, whether lawfully or unlawfully employed." Every employee is presumed to have accepted the provisions of the act, sec. 4, and is bound thereby unless he has given notice of nonacceptance, sec. 5, or is otherwise excluded by the terms of the act.

Whenever payment is made to any person 18 years of age or over the written receipt of such person acquits the employer. When the employee is under 18 years of age and the amount to be received does not exceed $300.00 his father, mother or natural guardian is authorized to receive and receipt for the money and to acquit the employer. Whenever the amount received for compensation exceeds $300.00 it must be made to some person or corporation appointed by the Superior Court as a guardian and the receipt of such guardian acquits the employer. Sec. 47, see, however, sec. 7, ch. 274, Public Laws 1931.

The guardian, trustee or committee of an employee who is mentally incompetent or is under 18 years of age at the time when any right or privilege accrues to him under this act, may, in behalf of such employee, exercise such right or privilege. Sec. 48.

Sec. 49 is applicable only to the mentally incompetent and the minor dependent.

These sections (other than sec. 49) are enabling provisions in derogation of the common law rule. The common law, to the extent therein provided, is modified. Except as so modified it still prevails.

No provision is made in respect to the filing of a claim by an infant under 18 years of age other than that contained in sec. 48. This section is a mere declaration of the common law rule. If the employee is under 18 years of age his claim may be filed and prosecuted by his guardian. As to him, he is under the disability of infancy. If he has no guardian he is without capacity to file or prosecute his claim or by his receipt to acquit his employer until he arrives at the age of 18.

It follows that the limitation of time, as provided by sec. 24, as against an employee under 18 years of age, begins to run at the time of the accident if there is a guardian, and, if not, then upon appointment of a guardian or on his 18th birthday, whichever shall first occur.

It would create an anomalous situation to hold that a claimant who is without capacity to receive and receipt for compensation or to assert his right must nevertheless present his claim or forever thereafter be barred from so doing. Such an interpretation would be as unjust to the employer as to the employee.

We conclude, therefore, that: (1) an infant employee is bound by the terms of the act without regard to his age; (2) for the purpose of filing and prosecuting a claim for compensation an injured employee is *sui juris* at the age of 18; and (3) the limitation of time provided by sec. 24, as against an employee under 18 years of age, who is without guardian or other legal representative, is tolled until he arrives at the age of 18.

The claimant filed his claim in apt time. In dismissing it the commission acted upon an erroneous interpretation of the law. The claim should be heard upon its merits.

Petition allowed.