MRS. LEOLA PHILLIPS GARNER (Widow), MISS LENA ROZELLE PHIL-
LIPS (Single), MRS. INA M. PHILLIPS and Husband, J. E. PHILLIPS;
MRS. ORA JUANITA DAVIS and Husband, J. S. DAVIS; MRS. BER-
NICE P. SIMMONS and Husband, WHEELER W. SIMMONS; ASTOR
VANCE PHILLIPS and Wife, LILLIAN SMITHERMAN PHILLIPS;
CHARLES W. PHILLIPS and Wife, ERNESTINE W. PHILLIPS; KER-
MIT ORVILLE PHILLIPS and Wife, INEZ D. PHILLIPS; MARSHALL
WILSON PHILLIPS and Wife, PEARL G. PHILLIPS; TROY GEORGE
PHILLIPS and Wife, FRANCES H. PHILLIPS; MRS. MYRTLE
GREENE CLARK and Husband, SAMUEL T. CLARK; MRS. MAEOLA
G. HONEYCUTT and Husband, GEORGE GROCIE HONEYCUTT; MRS.
JUANITA BEATRICE SULLIVAN and Husband, WAYMAN JACKSON
SULLIVAN; MRS. MILDRED REVONDA MOONEYHAN and Husband,
ERNEST LEVI MOONEYHAN; GROVER CLEVELAND GREENE and
Wife, VERA CORNS GREENE; OSCAR WILLIAM GREENE and Wife,
DORA TAYLOR GREENE; FORD FARRELL GREENE and Wife,
EVELYN GREER GREENE; MRS. INA M. PHILLIPS, Administratrix
of the Estate of THOMAS EVERETT PHILLIPS, Deceased; and MRS.
MAEOLA G. HONEYCUTT, Administratrix of the Estate of MRS.
MARGARET GREENE PHILLIPS, Deceased, v. MRS. SARAH ROSE
PHILLIPS (Widow), ROBERT LEE GREENE, MRS. DOSHIA DANIEL
GREENE and THOMAS LEE PHILLIPS, and HARVEY LUPTON,
Guardian Ad Litem for THOMAS LEE PHILLIPS.

(Filed 4 June, 1948.)

**1. Actions § 3c: Equity § 2d—**

It is a basic principle of law and equity that no man shall be permitted
to take advantage of his own wrong, or acquire property as the result of
his own crime.

**2. Descent and Distribution § 3: Trusts § 5b—**

A son who murders his parents acquires legal title to property of which
they die intestate, but equity will impress upon the legal title a construc-
tive trust in favor of those who would have taken if the murderer had
predeceased his parents in order that he may not receive any benefit as
a result of his own crime.

**3. Same—**

The fact that statutory provision that a murderer forfeits all interest
in the estate of his victim is applicable only to the relation of husband
and wife, G. S., 28-10; G. S., 30-4; G. S., 52-19; does not deprive equity
of the power of declaring an heir who has murdered his ancestor a con-
structive trustee for the benefit of those who would have taken if the mur-
derer had predeceased the intestate.

**4. Infants § 13—**

Defendant guardian's exception that judgment was rendered against
his minor ward before sufficient time had elapsed after notice as pre-
scribed by G. S., 1-65, *held* not supported by the record.

APPEAL by defendant guardian *ad litem* from *Bobbitt, J.,* at April Term, 1948, of FORSYTH.   No error.

This was a special proceeding for the sale of land for partition among tenants in common.

It was alleged that Thomas Everett Phillips and Margaret Greene Phillips, his wife, were tenants by the entirety of the lands described, and that both died intestate, simultaneously, 31 December, 1947, having been willfully and feloniously slain by the defendant Thomas Lee Phillips, their only surviving child, a minor of sixteen years.   It was alleged that Thomas Lee Phillips has been duly convicted of both murders and sentenced to terms in State's Prison, and that by reason of these wrongful acts he has forfeited all right, title and interest in the property of his parents as heir at law or next of kin, and that the described lands thereupon vested in the petitioners who are next in succession, as tenants in common.   By amendment it was alleged if Thomas Lee Phillips took as heir, he held only the naked legal title as trustee for the petitioners.

The guardian *ad litem,* duly appointed for the defendant Thomas Lee Phillips, filed answer in which he admitted the material allegations of fact set out in the petition, but denied that the slaying of his parents by Thomas Lee Phillips was either willful or felonious for the reason that he was at the time insane, and denied that he had lost his rights as heir or should be declared constructive trustee.

Issues having been raised by the pleadings, the cause was transferred to the civil issue docket of the Superior Court for trial in term.   G. S., 1-276.   On the trial in the Superior Court the jury by their verdict, upon the evidence offered, found that defendant Thomas Lee Phillips had willfully and feloniously murdered both his father and mother, and that he had no beneficial interest in the lands described, but held the naked legal title thereto as trustee for the benefit of the petitioners, in the proportions set out in the petition.

From judgment on the verdict the guardian *ad litem,* for and on behalf of the minor Thomas Lee Phillips, appealed.

*Deal & Hutchins for plaintiffs appellees.*
*Harvey Lupton for defendant, appellant.*

DEVIN, J.   By the judgment appealed from the youthful defendant Thomas Lee Phillips has been denied beneficial inheritance from his deceased parents for the reason that it was found he had murdered both his father and his mother.   Upon reason and authority we think the case has been correctly determined.

It is a basic principle of law and equity that no man shall be permitted to take advantage of his own wrong, or acquire property as the result of his own crime.   *Bryant v. Bryant,* 193 N. C., 372, 137 S. E., 188;

*Parker v. Potter,* 200 N. C., 348, 157 S. E., 68; *Pearson v. Stores Corp.,* 219 N. C., 717 (722), 14 S. E. (2d), 811; *New York Mutual Life Ins. Co. v. Armstrong,* 117 U. S., 591; *Slocum v. Ins. Co.,* 245 Mass., 565; *Price v. Hitaffer,* 164 Md., 505; *Eisenhardt v. Siegel,* 343 Mo., 22; *Weaver v. Hollis,* 247 Ala., 57; *In re Tyler,* 140 Wash., 679; *Rex v. Lanier,* 112 Tenn., 393; *Garwols v. Trust Co.,* 251 Mich., 420; *Smith v. Todd,* 155 S. C., 323; *Anderson v. Ins. Co.,* 152 N. C., 1, 67 S. E., 53.

True, we have no statute in North Carolina which in express terms destroys the right of inheritance under the canons of descent, or bars the devolution of title as heir to one who has murdered the ancestor from whom derived, but the rule seems to have been established in this jurisdiction that in such case equity will impress upon the legal title so acquired a constructive trust in favor of those next entitled and will exclude the murderer from all beneficial interest in the lands descending to him from his victim. This is the holding in *Bryant v. Bryant,* 193 N. C., 372, 137 S. E., 188, and the case at bar was tried and judgment rendered in accord with the ruling in that case.

Following the decision of this Court, in 1888, in *Owens v. Owens,* 100 N. C., 240, 6 S. E., 794, where it was held that a wife who had murdered her husband was not thereby deprived of dower, statutes were enacted declaring that in case husband or wife murdered the other, the survivor should lose every right and estate in the property of the murdered spouse. G. S., 28-10; G. S., 30-4; G. S., 52-19. It is suggested that provision for the forfeiture of the murderer's interest in the property of his victim having been made applicable by these statutes only to the relationship of husband and wife, this should be regarded as significant of the legislative intent not to extend the forfeiture for this cause to the heir. But that omission, we think, would not prevent a court of equity from attaining an end so manifestly just by declaring, upon sufficient findings of fact, the wrongdoer a constructive trustee, holding only the naked legal title for the benefit of those next entitled. The legal title passes to the murderer, but equity prevents him from enjoying the fruits of his crime. Ames Lectures on Legal History, 310-12; *Ellison v. Westcott,* 148 N. Y., 149; *Van Alstyne v. Tuffy,* 169 N. Y. Supp., 173; *Whitney v. Lott,* 134 N. J. Eq., 586; *Sherman v. Weber,* 113 N. J. Eq., 451; 5 N. C. L., 372; 26 N. C. L., 232. "This position seems most satisfactory on principle." 3 Bogert Trusts & Trustees, 52.

In Restatement Law of Restitution, sec. 187 (pg. 764), it is said, "Where a person is murdered by his heir or next of kin, and dies intestate, the heir or next of kin holds the property thus acquired by him upon a constructive trust for the person or persons who would have been heirs or next of kin if he had predeceased the intestate."

Some of the courts in other jurisdictions have reached different conclusions in the consideration of the question here presented. In *Crumley*

GARNER *v.* PHILLIPS.

*v. Hall,* 43 S. E. (2d), 646 (Ga.), it was thought that since the statutes of descent and distribution made no exception the court was not justified in reading into the statutes a condition not reasonably deducible therefrom. A similar view was expressed in *Eversole v. Eversole,* 169 Ky., 993; *Wall v. Pjanschmidt,* 265 Ill., 180; *Hogan v. Cone,* 21 Ga. App., 416; *Murchison v. Murchison,* 203 S. W., 423 (Tex. Civ. App.); *Wilson v. Randolph,* 50 Nev., 371; *In re Carpenter's Estate,* 170 Pa., 203; *McAllister v. Fair,* 72 Kansas, 533; *Shellenberger v. Ransom,* 41 Neb., 631; *Wenker v. Landon,* 161 Oregon, 265; *Ofell v. Hodapp,* 129 Ohio St., 432; *Re Kirby,* 162 Cal., 91; 16 A. J., 847; 26 C. J. S., 1055.

In other jurisdictions it has been held that one who murdered his ancestor was debarred from inheriting the property of his victim in accord with the rule against the acquisition of property by the wrongdoer as result of his crime, on the ground that a public policy is expressed by this maxim, and that the statutes of descent should be interpreted in the light of this principle. *Slocum v. Ins. Co.,* 245 Mass., 565; *Garwold v. Trust Co.,* 251 Mich., 420; *Eisenhardt v. Siegel,* 343 Mo., 22, 119 S. W. (2d), 810; *Price v. Hitaffer,* 164 Md., 505; *Perry v. Strawbridge,* 209 Mo., 621; *Box v. Lanier,* 112 Tenn., 393; *In re Tyler,* 140 Wash., 679; *Bierbrauer v. Moran,* 279 N. Y. S., 176; *De Zotell v. Ins. Co.,* 60 S. D., 532; *Protective Ins. Co. v. Linson,* 245 Ala., 493; *Weaver v. Hollis,* 247 Ala., 57; *In re Eckardt,* 54 N. Y. S. (2d), 484; 16 A. J., 849; Wharton on Homicide (3rd Ed.), sec. 665. The civil law debarred one who procured the death of another from succeeding to his estate as heir and the Code Napoleon so declared. *Re Wilkins,* 192 Wis., 111. In many states statutes to this effect have been enacted. *In re Norton,* 175 Oregon, 115, 151 Pac. (2d), 719; *Estate of Lipsholm,* 79 Cal. App. (2d), 467. However, in the absence of a definite statute, we prefer to adhere to the principle stated in *Bryant v. Bryant, supra.* The equitable principle there stated has been frequently approved. *Speight v. Trust Co.,* 209 N. C., 563, 183 S. E., 734; *Goldsmith v. Samet,* 201 N. C., 574, 160 S. E., 835.

The defendant's exception that the judgment here was rendered before sufficient time had elapsed after notice as prescribed by G. S., 1-65, is not borne out by the record. The other exceptions noted at the trial and brought forward in defendant's assignments of error on examination we find untenable.

In view of the importance of the questions presented, the guardian *ad litem* properly brought the case here for review.

In the trial and judgment we find

No error.