LYNWOOD McNAIR, an Infant, by His Next Friend, ALEXANDER McNEIL, and ALEXANDER McNEIL, v. THOMAS M. WARD and J. CARL YOUNG, Trading and Doing Business as COLONIAL FROZEN FOOD LOCKER COMPANY, and MARVIN P. LORENZ.

(Filed 19 May, 1954.)

**Master and Servant § 45—**

Where the evidence discloses that the infant plaintiff was one of five or more employees in a business owned by two of defendants and conducted by the third defendant as general manager, and that he was injured in the performance of the duties of his employment, nonsuit is proper, since the evidence discloses that the cause is within the exclusive jurisdiction of the Industrial Commission, notwithstanding that the infant plaintiff may have been hired contrary to law. G.S. 97-3; G.S. 97-10; G.S. 97-2 (b).

APPEAL by plaintiffs from *Clifton L. Moore, J.,* at February Term, 1954, of CUMBERLAND.

Civil action to recover damages for personal injury allegedly suffered by infant plaintiff on account of actionable negligence of defendants.

For convenience of statement, Lynwood McNair is called the infant plaintiff; Thomas M. Ward and J. Carl Young, trading and doing business as Colonial Frozen Food Locker Company, are characterized as the

Locker Company; and the defendant Marvin P. Lorenz is designated by his surname.

The only evidence at the trial was that offered in behalf of the infant plaintiff. This evidence tended to show that the Locker Company owned a business or establishment at Fayetteville, which it conducted through the agency of its general manager Lorenz; that the Locker Company regularly employed the infant plaintiff and five or more other employees in its business or establishment; that the infant plaintiff suffered personal injury while engaged in the performance of the duties of his employment; and that the infant plaintiff brought the instant action against the Locker Company and Lorenz to recover damages of them for his personal injury on the theory that his injury was caused by their actionable negligence.

When the infant plaintiff had produced his evidence and rested his case, the Locker Company and Lorenz moved for a compulsory nonsuit on the ground that the evidence showed that the Superior Court had no jurisdiction under the exclusive remedy provision of the North Carolina Workmen's Compensation Act embodied in G.S. 97-10. The presiding judge sustained the motion, and entered judgment accordingly. The plaintiffs excepted and appealed, assigning the entry of the compulsory nonsuit as error.

*Taylor & Mitchell for plaintiffs, appellants.*
*Robert H. Dye for defendants, appellees.*

ERVIN, J. The evidence calls into play the presumption that the infant plaintiff and his employers have accepted the provisions of the North Carolina Workmen's Compensation Act. G.S. 97-3; *Pilley v. Cotton Mills,* 201 N.C. 426, 160 S.E. 479. Consequently the presiding judge did not err in nonsuiting the action as to the employers (*Tscheiller v. Weaving Co.,* 214 N.C. 449, 199 S.E. 623; *Lee v. American Enka,* 212 N.C. 455, 193 S.E. 809; *Miller v. Roberts,* 212 N.C. 126, 193 S.E. 286; *Francis v. Wood Turning Co.,* 208 N.C. 517, 181 S.E. 628; *McNeely v. Asbestos Co.,* 206 N.C. 568, 174 S.E. 509), or as to Lorenz, who was conducting their business for them. G.S. 97-9; G.S. 97-10; *Warner v. Leder,* 234 N.C. 727, 69 S.E. 2d 6. The validity of these conclusions is not impaired in any degree by the fact that the employers may have hired the infant plaintiff contrary to law. G.S. 97-2 (b); G.S. 97-10; *Lineberry v. Mebane,* 219 N.C. 257, 13 S.E. 2d 429.

Affirmed.