James Clifford PARKS, Appellant,

v.

Jim DUMAS et al., Appellees.

No. 15979.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 13, 1959.

Rehearing Denied March 13, 1959.

Anderson, Latham & Castledine, and Steve Latham, Wichita Falls, for appellant.

Howard L. Martin, Wichita Falls, for appellees.

RENFRO, Justice.

It was stipulated by the parties hereto that on February 16, 1957, the defendant, James Clifford Parks, willfully, voluntarily and unlawfully killed and murdered his parents, Luther E. and Eunice Parks, by shooting them with a gun. The defendant was convicted of the felony offense of murdering his mother, Eunice, and received a twenty year sentence in the penitentiary. He is now serving that sentence. Both parents died intestate.

This suit was filed for the purpose of imposing a constructive trust on the community estate of the parents of defendant. Plaintiffs were the brothers of Luther Parks (and, except for defendant, his sole surviving heirs) and the father and sister of Eunice Parks (her sole surviving heirs, except for defendant).

The court found that in equity a constructive trust should be imposed upon all the property belonging to the estates of Luther and Eunice Parks in favor of their lawful heirs, other than defendant, and judgment was entered for plaintiffs accordingly.

The defendant appealed.

The courts in the various states have reached different results as to whether a murderer can acquire and retain title to property as a result of his crime. Some hold the murderer takes and retains title to the property, others that he does not take title to the property, while others hold that the murderer takes title to the property, but holds it in constructive trust for the proper heirs. Garner v. Phillips, 229 N.C. 160, 47 S.E.2d 845; 16 Amer.Jur., p. 850, sec. 76. The courts which apply the constructive trust theory hold that the legal title passes to the murderer either by intestacy or by will, but that equity will treat him as constructive trustee of such property because of the unconscionable mode of its acquisition. See Baylor Law Review, Vol. 9, No. 1, p. 94, and cases cited.

In 1912 the Texarkana Court of Civil Appeals in Hill v. Noland, 149 S.W. 288, held that the fact that the wife had murdered her husband for the sole purpose of investing herself with the title of his property did not forfeit her right thereto. Defendant contends the above case should control in the instant appeal.

We do not agree. In Greer v. Franklin Life Ins. Co., 148 Tex. 166, 221 S.W.2d 857, 859, the Supreme Court in referring to Hill v. Noland said: "In that case, incidentally, the more modern view of imposing a constructive trust upon property inherited by a murderer from his victim, for the benefit of the heirs other than the murderer, was evidently not suggested or considered."

In Pritchett v. Henry, Tex.Civ.App., 287 S.W.2d 546, 548, writ dis., the Beaumont Court of Civil Appeals had before it the identical question we have in the instant case, namely: "Whether * * * a person who willfully and unlawfully kills another may take title as an heir or legatee of his victim and retain it free of a constructive trust sought to be impressed upon such property by law for the benefit of the victim's heirs at law other than the killer?" The court held that the killer acquired legal title to the property of his victim, but that the law imposed a constructive trust thereon for the heirs other than the killer.

In the above case the court cited with approval Scott on Trusts, Sec. 492, wherein the author states: "Where the Statute of Wills and the Statute of Descent and Distribution make no provision as to the effect of murder of the decedent by the legatee or heir, the property passes under the will or by intestacy to him. It is then that the equitable principle as to unjust enrichment becomes applicable. * * * By imposing a constructive trust upon the murderer, the court is not making an exception to the provisions of the statutes, but is merely compelling a murderer to surrender the profits of his crime and thus preventing his unjust enrichment. * * * in order to deprive a murderer of the property it is not necessary to make an exception to the statute; all that is necessary is to apply the well-settled equitable principle under which a constructive trust is imposed upon one who acquires property through his own wrong."

The Supreme Court in Pope v. Garrett, 147 Tex. 18, 211 S.W.2d 559, 561, said: "The argument is often made that the imposition of a constructive trust * * * contravenes or circumvents the statute of descent and distribution, * * * or particularly a statute which prohibits the creation of a trust unless it is declared by an instrument in writing. It is generally held, however, that the constructive trust is not within such statutes or is an exception to them. It is the creature of equity."

In our opinion the imposition of a constructive trust does not violate the statutes of descent and distribution. It is a creature of equity. A constructive trust is imposed in a situation like the one before us so that the statutes of descent and distribution may not be used as an instrument for perpetrating or protecting a fraud. Certainly the statutes should not be used as a vehicle to acquire property through parenticide.

We hold that, though defendant inherited the property of his parents, the law imposed a constructive trust thereon in favor of the heirs other than defendant.

Defendant claims the court erred in divesting defendant of all legal title and interest in and to the estate of Jim Dumas. Jim Dumas was the grandfather of defendant and father of Eunice Parks. He died pending trial, leaving as his sole heirs a daughter, Lucille Botts, and defendant.

The judgment purported to deal only with the property belonging to the estates of Luther and Eunice Parks. It is conceded by defendant that no property of the estate of Dumas is affected by the judgment other than whatever right Dumas had in the estate of Eunice Parks. Had not defendant murdered his mother, Dumas would not have had any interest in her estate.

It is a well settled general rule that if one person obtains the legal title to prop-

erty in an unconscientious manner, so that he cannot retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner. R.C.L., Vol. 26, p. 1236.

Defendant indirectly acquired title by inheritance to the so-called "Dumas" interest by murdering his mother. The method of acquisition was in an "unconscientious manner." Equity will impose a constructive trust thereon in favor of those who are in good conscience entitled to it.

Judgment affirmed.

MASSEY, C. J., concurs.

MASSEY, Chief Justice (concurring).

The writer readily agreed with the author of the opinion in this case upon the main question controlling the greater part of the property in controversy. However, my decision upon the matter of whether or not the appellant might have inherited some interest in the property upon the death of his grandfather occasioned certain difficulties.

I became convinced that the holdings were correct after reading Bogert on Trusts and Trustees, p. 8 et seq., "Constructive Trusts", sec. 472, "Theory of Cre-

ation", and the neighboring sections. In the cited section it is stated: "If A (person in position of the grandfather in this case) has died after the wrongful obtaining of his property, his cause of action to get the constructive trust passes as realty or personalty, dependent on the character of the res involved. If the defendant is wrongfully holding real property, A's heirs or devisees take the right to obtain the constructive trust; if the interest inequitably held by the defendant is personalty, A's personal representatives or legatees succeed to A's right to impress a constructive trust * * *."

The appellant inherited an interest in the property of his grandfather, if any the latter had. However, he could not have inherited any part of the cause of action to impress a constructive trust. That cause of action was against himself. Therefore all rights in and to the cause of action were bound to have passed to other heirs of the grandfather. Such cause of action was unimpaired and was to impress a constructive trust as to the full interest of such deceased in the property. By the judgment entered (subsequent to the death of said deceased) all beneficial interest in the property was taken from the appellant as of the date the judgment became final. There is no necessity to dwell here upon other situations possible to be hypothesized and exciting to contemplate for they are not at issue. If any error is existent it is not one such as would entitle the appellant to overthrow the judgment rendered.