R. DOUGLAS LEMMERMAN, GUARDIAN AD LITEM FOR JONATHAN SHANE TUCKER, A MINOR, AND SYLVIA A. TUCKER v. A. T. WILLIAMS OIL COMPANY

No. 224A86

(Filed 18 November 1986)

**1. Appeal and Error § 57.2— findings of jurisdictional fact—conclusiveness on appeal**

The Supreme Court has traditionally considered the superior court's findings of jurisdictional fact to be binding on appeal if supported by the evidence when the question was whether the Industrial Commission or the superior court had jurisdiction over a claim.

**2. Master and Servant § 49.1— workers' compensation—minor as employee of defendant**

Findings by the trial court that defendant's manager had hired the minor plaintiff, that he had authority to hire and fire employees for defendant, and that the jobs the minor did were in the course of defendant's business and that he was engaged in doing them when he fell were supported by the evidence and sufficient to support the court's conclusion that the minor plaintiff was an employee of defendant at the time of the accident. Furthermore, the parties' own conclusion about their legal relationship was not binding on the court, nor was the manager's denial of hiring the minor; failure of the manager to comply with certain procedural formalities did not affect the minor's status as an employee; the child did not perform gratuitous services; and the child was not the personal employee of the manager.

Justice MARTIN dissenting.

Justice PARKER joins in this dissenting opinion.

APPEAL by plaintiffs from a decision of the North Carolina Court of Appeals, 79 N.C. App. 642, 339 S.E. 2d 820 (1986), *Webb, J.,* dissenting, which affirmed an order of the Superior Court, FORSYTH County, dissmissing plaintiffs' action for lack of subject matter jurisdiction. Heard in the Supreme Court 8 September 1986.

*Molitoris & Connolly, by Theodore M. Molitoris and Anne Connolly, for plaintiff-appellants.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by R. Thompson Wright, for defendant-appellee.*

FRYE, Justice.

The sole issue on this appeal is whether the Court of Appeals correctly affirmed the trial court's conclusion that plaintiff Shane Tucker was an employee of the defendant, A. T. Williams Oil Company. For the reasons set forth in this opinion, we conclude that the Court of Appeals was correct in so affirming.

On 1 December 1982, plaintiff Shane Tucker, then aged eight, slipped on a sidewalk on defendant's property and fell, cutting his hand. He and his mother, plaintiff Sylvia Tucker, filed this action against defendant on 26 June 1984. In their complaint, plaintiffs alleged in essence that Shane Tucker's injuries were proximately caused by defendant's negligence. They sought damages for medical expenses, lost wages, and pain and suffering. R. Douglas Lem-

merman was appointed *guardian ad litem* for the minor plaintiff
Shane.

Defendant filed an answer and raised as one of its defenses
lack of subject matter jurisdiction. It asserted that the child
Shane was its employee as defined by the Workers' Compensation
Act and that the Industrial Commission accordingly had exclusive
jurisdiction over plaintiffs' claim. Following preliminary discov-
ery, defendant moved to dismiss for lack of subject matter juris-
diction. Upon the parties' stipulation that the trial judge find
jurisdictional facts, Judge DeRamus made findings and concluded
that Shane was an employee injured within the course and scope
of his employment with defendant as defined in the Workers'
Compensation Act. The judge therefore dismissed plaintiffs' ac-
tion for lack of subject matter jurisdiction. Plaintiffs appealed to
the Court of Appeals, which affirmed with a dissent by Webb, J.,
on the question of whether the evidence supported the conclusion
that plaintiff Shane was an employee of defendant.

"By statute the Superior Court is divested of original juris-
diction of all actions which come within the provisions of the
Workmen's Compensation Act." *Morse v. Curtis*, 276 N.C. 371,
375, 172 S.E. 2d 495, 498 (1970). The Act provides that its rem-
edies shall be an employee's only remedies against his or her
employer for claims covered by the Act. N.C.G.S. § 97-10.1 (1985).
Remedies available at common law are specifically excluded. *Id.*
Therefore, the question of whether plaintiff Shane Tucker was de-
fendant's employee as defined by the Act is clearly jurisdictional.
*See Lucas v. Stores*, 289 N.C. 212, 221 S.E. 2d 257 (1976); *Morse v.
Curtis*, 276 N.C. 371, 172 S.E. 2d 495. This issue is not affected by
the fact that the minor may have been illegally employed because
the Act specifically includes within its provisions illegally em-
ployed minors.[1] N.C.G.S. § 97-2(2) (1985). *See also McNair v.*

---

1. The argument has been made that since the minor plaintiff may have been
illegally employed, *see* N.C.G.S. § 95-25.5, defendant should not be allowed to
prevail upon this defense. However, "[a] universal principle as old as the law is that
the proceedings of a court without jurisdiction of the subject matter are a nullity."
*Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E. 2d 806, 808 (1964). "If a court finds at
any stage of the proceedings it is without jurisdiction, it is its duty to take notice of
the defect and . . . dismiss the suit." *Id.* Therefore, if the Industrial Commission
has jurisdiction over the claim of an illegally employed minor and the superior
court does not, the superior court would have the duty to raise this issue *ex mero
motu.*

*Ward,* 240 N.C. 330, 82 S.E. 2d 85 (1954); *Lineberry v. Mebane,* 219 N.C. 257, 13 S.E. 2d 429 (1941).

[1]   The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court. *Askew v. Tire Co.,* 264 N.C. 168, 141 S.E. 2d 280 (1965); *Richards v. Nationwide Homes,* 263 N.C. 295, 139 S.E. 2d 645 (1965). When the record clearly shows that subject matter jurisdiction is lacking, the Court will take notice and dismiss the action *ex mero motu. In re Burton,* 257 N.C. 534, 126 S.E. 2d 581 (1962). Every court necessarily has the inherent judicial power to inquire into, hear and determine questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction. *Burgess v. Gibbs,* 262 N.C. 462, 465, 137 S.E. 2d 806, 808 (1964). In the instant case, the question of subject matter jurisdiction was raised before the superior court. That court accordingly followed the proper procedure and made findings of fact and conclusions of law in resolving the issue. *Id.* The threshold question on this appeal is whether the superior court's findings of jurisdictional fact are binding on this Court on appeal if supported by the evidence.

This Court has held repeatedly that jurisdictional facts found by the Industrial Commission, even when supported by competent evidence, are not binding upon the courts on appeal, and that that the reviewing court has the duty to make its own independent findings. *See Dowdy v. Fieldcrest Mills,* 308 N.C. 701, 304 S.E. 2d 215 (1983); *Askew v. Tire Co.,* 264 N.C. 168, 141 S.E. 2d 280; *Aycock v. Cooper,* 202 N.C. 500, 163 S.E. 569 (1932). Plaintiffs argue that this Court should similarly have the duty to find its own jurisdictional facts on appeals from the superior court even when the superior court has made findings of jurisdictional fact.

Our review of the applicable law in this State, however, shows that this Court had traditionally considered the superior court's findings of jurisdictional fact to be binding on appeal if supported by the evidence when the question was whether the Industrial Commission or the superior court had jurisdiction over a claim.[2] *See Morse v. Curtis,* 276 N.C. 371, 378, 172 S.E. 2d 495, 501

2. As a historical note that may be of some interest, originally, appeals from the Industrial Commission were to the superior court. 1929 N.C. Sess. Laws ch. 120, § 60. The superior court sat in this capacity as a reviewing court, and the find-

("We recognize the oft-repeated rule that findings of fact by a trial judge are conclusive when supported by competent evidence . . ."); *Burgess v. Gibbs*, 262 N.C. 462, 466, 137 S.E. 2d 806, 809 ("Plaintiff's assignments of error to the court's findings of fact are overruled, because an examination of the evidence in the record . . . shows that all challenged findings of fact are supported by competent evidence. Consequently, the challenged findings . . . are binding and conclusive upon us . . ."). We see no reason to disturb this rule. Accordingly, we turn now to an examination of the sufficiency of the evidence to support the facts found.

[2] The trial judge made the following findings of facts pertinent to this issue:

> 3. Prior to the incident referred to in the complaint, Ken Schneiderman was employed as the manager of the defendant's place of business on Wendover Avenue in Greensboro, North Carolina. As manager, Schneiderman had the authority to hire and fire such employees as he deemed necessary to assist him in the operation of the business, and all wages paid to any of the employees which he hired were deducted from the commission which he received from the defendant.

> 4. Ken Schneiderman employed the minor plaintiff, and paid him varying amounts to perform duties at the defendant's service station — convenience store, including putting up cigarettes, picking up trash, stocking bottles in the cooler, and other odd jobs from time to time while the minor's mother, Sylvia A. Tucker, worked as a cashier for the store.

> EXCEPTION NO. 1

ings of the Industrial Commission were generally binding upon it if supported by any competent evidence. *See Askew v. Tire Co.*, 264 N.C. 168, 141 S.E. 2d 280. However, the Commission's findings of jurisdictional fact were not binding on the superior court and the superior court could make independent findings. *Id.* This Court consistently held, however, that the superior court's findings were binding on review by this Court if supported by the evidence. *See, e.g., Burgess v. Gibbs*, 262 N.C. 462, 137 S.E. 2d 806. When the legislature altered the manner of appeal from the Industrial Commission in 1967, by-passing the superior court and going directly to the Court of Appeals instead, *see* 1967 N.C. Sess. Laws ch. 669, this Court retained the rule that the Commission's findings of jurisdictional fact were not binding on the reviewing court. *See Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 304 S.E. 2d 215; *Lucas v. Stores*, 289 N.C. 212, 221 S.E. 2d 257. However, since appeals no longer come *via* the superior court, retention of this rule meant that the appellate courts themselves were forced to make findings of jurisdictional facts.

5. At the time the minor plaintiff was injured in the accident referred to in the complaint, the minor plaintiff had been performing chores of stocking cigarettes, picking up trash, and other work which was in the course of the trade or business of defendant A. T. Williams Oil Company.

EXCEPTION NO. 2

6. At the time of the incident described in the complaint, the minor plaintiff Jonathan Shane Tucker was a casual employee of defendant A. T. Williams Oil Company, and was performing duties within the course of the trade and business of A. T. Williams Oil Company in the operation of the gas station and convenience store on Wendover Avenue in Greensboro, North Carolina.

EXCEPTION NO. 3

7. Defendant A. T. Williams Oil Company employs more than four persons, and is subject to the provisions of the North Carolina Workers Compensation Act, N.C.G.S. § 97-1, et seq.

Our review of the record shows that there is ample evidence to support each disputed finding.[3]

Plaintiff Shane testified at his deposition that he routinely accompanied his mother to her job as part-time cashier at defendant's store and service station, a Wilco. According to his description, he ordinarily did his homework, ate a snack, and performed odd jobs about the station. These jobs consisted of picking up trash in the store, taking out the garbage, and stocking cigarettes and drinks. He had been doing these jobs for almost a month at the time of the accident. The child said that the jobs generally took him between half an hour and one hour to complete. In return, the store manager, Ken Schneiderman, would pay him a dollar, occasionally more depending on the amount of work he had done. A fair reading of the child's testimony discloses that he clearly expected to be paid for his efforts.

___

3. Although plaintiff did not except to finding #3, we note that the evidence supporting it is uncontradicted.

The child also testified that on the day of the accident he had nearly finished his tasks and was on his way to ask Schneiderman if there was anything else Schneiderman wanted him to do when he slipped and fell. He said at one point that he believed that Schneiderman did later give him his dollar, although he was not clear on this point.

The child's mother, Sylvia Tucker, corroborated Shane's account. She testified that at the time of the accident, she was working from 4 p.m. to 7 p.m. as a part-time cashier at Wilco. Schneiderman had Shane "put up stock, straighten the shelves up and pick up trash inside the building" and occasionally outside as well. Mrs. Tucker testified that her understanding was that the child was going to be paid for what he did. Although she told Schneiderman originally that Shane would work without being paid, he rejected this offer and told her and the child that he would pay Shane for his work. She believed that Schneiderman paid Shane a dollar a day.

Schneiderman signed an affidavit, introduced into evidence, stating that he had hired Shane Tucker for a few dollars to put up cigarettes but with no set hours or wages.

Also before the judge was plaintiffs' verified complaint, which describes plaintiff Shane as defendant's employee and says that he was "casually hired and paid $1.00 a day by the manager of defendant's station, Ken Schneiderman, to put up cigarettes and to do other odd jobs on defendant's premises whenever assistance was needed . . . ."

We believe that this evidence amply supports the trial judge's findings that Schneiderman, who had the authority to hire and fire employees, hired the minor plaintiff to do odd jobs as needed in defendant's service station/convenience store business. Specifically, these tasks included stocking cigarettes and drinks, and picking up trash. At the time of the accident, Shane was engaged in doing these tasks.

We also agree with the trial judge's conclusion that plaintiff Shane was defendant's employee at the time of the accident. Once the underlying facts are established, the nature of the relationship is a question of law and fully reviewable on appeal. *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137 (1944). This Court has previously defined an employee as follows:

'An employee is one who works for another for wages or salary, and the right to demand pay for his services from his employer would seem to be essential to his right to receive compensation under the Workmen's Compensation Act . . . .'

*Lucas v. Stores*, 289 N.C. at 219, 221 S.E. 2d at 261 (quoting from *Hollowell v. Department of Conservation and Development*, 206 N.C. 206, 173 S.E. 603 (1934)). The statutory definition (N.C.G.S. § 97-2(2) (1985)) adds nothing to the common law definition. *Id.* The trial judge found that Schneiderman had hired the child, that he had authority to hire and fire employees for defendant, and that the jobs Shane did were in the course of defendant's business and that he was engaged in doing them when he fell. We believe these facts, taken together, will support the conclusion that the plaintiff Shane was an employee of defendant at the time of the accident.

Plaintiffs, however, contend that the evidence does not support the facts and the facts do not support the conclusion.

First, they argue that none of the parties considered Shane to be defendant's employee. They note that Shane at one point said that his employment was "not exactly" a job. Furthermore, in his deposition testimony, Schneiderman explicitly denied hiring Shane, retracting the statement in his affidavit.

We do not find plaintiffs' argument on this point persuasive.

Initially, we note that the parties' own conclusion about their legal relationship is not binding on the court. *See Lloyd v. Jenkins Context Co.*, 46 N.C. App. 817, 266 S.E. 2d 35 (1980); *see also Rucker v. Hospital*, 285 N.C. 519, 206 S.E. 2d 196 (1974). Moreover, immediately after Shane said that his employment was "not exactly" a job, he described the relationship as helping in the store and getting paid for it. He repeated this description in a later portion of his testimony.

Nor do we believe that Schneiderman's denial of hiring Shane was binding upon the trial judge. Schneiderman essentially gave inconsistent testimony. Initially, in his affidavit, he said that he had hired Shane. Later, in his deposition, he denied hiring him. His deposition testimony contradicted that of Shane and Mrs. Tucker on some points—most notably on the frequency of the child's presence at the Wilco. The trial judge resolved these con-

tradictions and declined to adopt Schneiderman's version. His findings are not vitiated merely by the presence of conflicting evidence. *Morse v. Curtis*, 276 N.C. at 378, 172 S.E. 2d at 501. We also note on this issue that Schneiderman repeatedly said that he could not remember details and was evasive on important points. Furthermore, at one point in his deposition, he said, "He [Shane] wasn't an employee. Did you ever hear of child labor? You know, I'm smart enough to know that."[4]

Moreover, we note that Mrs. Tucker was unsure of her own status. She testified that she did not know whether she herself was a "real employee."

Second, plaintiffs argue that Shane could not have been an employee because Schneiderman did not comply with certain procedural formalities. He did not take an application from Shane or report him on the list of employees he turned into his supervisor for withholding purposes. His normal practice was to pay employees from the cash register;[5] he paid Shane from his pocket.

We do not believe that any of these factors is dispositive. Our Court of Appeals has held that failure to follow technical procedures such as withholding F.I.C.A. and income taxes is not controlling on the issue of whether an employer-employee relationship exists. *See Durham v. McLamb*, 59 N.C. App. 165, 296 S.E. 2d 3 (1982); *Lloyd v. Jenkins Context Co.*, 46 N.C. App. 817, 266 S.E. 2d 35. We also do not think that Schneiderman's method of paying Shane was as significant under the facts of this case as it might otherwise be, because all wages came out of Schneiderman's commission. He therefore paid all of the employees at Wilco out of his own money.

Third, plaintiffs contend that Shane was not an employee but instead performed gratuitous services. In addition to Schneiderman's testimony denying that he hired Shane, rejected by the trial judge, plaintiffs cite Mrs. Tucker's original statement to

---

4. Schneiderman testified that he hired his own children to work at the Wilco and that defendant promoted this arrangement because "you could work your kids for less money." *See also* § 95-25.5(i) (1985) (most of the provisions of the statute prohibiting child labor do not apply to their parents).

5. He paid their net pay out of the register and submitted their names and pay records to his supervisor for payment of payroll taxes.

Schneiderman that he did not have to pay the child. However, this evidence in fact supports the opposite conclusion, that Shane was an employee. Schneiderman was offered the chance to avail himself of Shane's gratuitous services, but he specifically rejected it and said that he wanted to pay the child for his work. The evidence shows, and the judge found, that he did so.

Finally, plaintiffs contend that if Shane was an employee, he was Schneiderman's personal employee. We disagree. Schneiderman had the authority to hire employees for defendant, and the evidence shows and the trial judge found that the tasks the child performed were in the course of defendant's business, not Schneiderman's personal affairs. We find the facts of this case similar to those of *Michaux v. Bottling Co.*, 205 N.C. 786, 172 S.E. 406 (1933). In *Michaux*, defendant company gave its truck drivers permission to hire and fire helpers as needed to assist them in the distribution of defendant's products. The drivers paid the helpers out of their own wages or commissions. Plaintiff's intestate, a minor, was such a helper who was killed while assisting in a delivery. This Court, noting that the deceased minor's services had been "necessary to the proper and efficient distribution" of defendant's products, essentially found that the deceased was defendant's employee at the time of his death.

For all of the foregoing reasons, the decision of the Court of Appeals is affirmed.

Affirmed.

Justice MARTIN dissenting.

I must respectfully dissent. First, the majority opinion allows the defendant corporation to profit from its own illegal act. Here, defendant corporation claims that it hired plaintiff Shane, an eight-year-old child, as an employee. Defendant's act would be a direct violation of N.C.G.S. § 95-25.5(d), punishable by imposition of civil penalties. This statute establishes the public policy of this state that it is unlawful for employers to employ children thirteen years of age or less.

The public policy of North Carolina also will not permit a wrongdoer to take advantage of or enrich itself as a result of its own wrong. *Carver v. Carver*, 310 N.C. 669, 314 S.E. 2d 739 (1984);

*In re Estate of Perry*, 256 N.C. 65, 123 S.E. 2d 99 (1961); *Garner v. Phillips*, 229 N.C. 160, 47 S.E. 2d 845 (1948). "It is a basic principle of law and equity that no man shall be permitted to take advantage of his own wrong . . . ." *Garner* at 161, 47 S.E. 2d at 846. Further citation of authority is not necessary for this basic principle of law. The principle is especially applicable where, as here, the power of the parties is so disparate — an eight-year-old child versus a large corporation! The inequity of defendant's plea in bar is thus magnified by the relationship of the parties.

Defendant corporation seeks to defeat the infant plaintiff's cause for personal injuries resulting from the negligence of defendant by using as a shield its own unlawful act of employing the child. This case is not like *McNair v. Ward*, 240 N.C. 330, 82 S.E. 2d 85 (1954), where plaintiff's own evidence established that he was an employee of defendant. In *McNair* the defendant did not present any evidence. To the contrary, here defendant affirmatively attempted to prove that plaintiff child was its employee. Defendant's unlawful employment of the child was one of the direct causes of his injuries, and defendant now seeks to use that unlawful employment to avoid responsibility for those injuries. This will not do, and this Court should not in all good conscience permit defendant to take advantage of its own wrongful act.

Even if this Court allows defendant to rely upon an inequitable defense, the evidence fails, in at least one respect, to support a finding that plaintiff child was defendant's employee. We must not overlook that defendant has the burden of proof to sustain its plea in bar. As the majority states, the right to demand payment from the *employer*, A. T. Williams Oil Company, is an essential element of the employment status. Defendant has failed to carry its burden as to this element.

The evidence in many respects is in conflict. However, defendant has failed to produce a shred of evidence that the eight-year-old child had a right to demand payment for his services from A. T. Williams Oil Company. Also, there is no evidence that plaintiff child could have made such a demand from Schneiderman, albeit defendant argues that plaintiff was its employee and not Schneiderman's. All of the testimony showed that the infrequent payment of amounts ranging from twenty-five cents to a dollar came out of Schneiderman's own money, out of his own

pocket. The payments were not made from the cash register, as were payments to defendant's employees. Thus, the record is simply devoid of any evidence that the child could have demanded payment from the corporate defendant for services he rendered to Schneiderman.

On the other hand, the record is replete with evidence that plaintiff child was *not* an employee of defendant's. Shane was not a listed employee for workers' compensation purposes; his name was not reported to the defendant corporation for tax withholding purposes; Schneiderman testified explicitly that Shane was not an employee.

The majority relies upon *Michaux v. Bottling Co.*, 205 N.C. 786, 172 S.E. 406 (1934). The status of plaintiff as an employee was not at issue in *Michaux*. The Industrial Commission made no finding with respect to whether plaintiff was an employee of defendant's, nor did this Court in its opinion. The issue decided in *Michaux* was whether the accident arose out of and in the course of employment, not whether plaintiff was an employee.

I submit that the more analogous case is *Lucas v. Stores*, 289 N.C. 212, 221 S.E. 2d 257 (1976). Lucas had been discharged as an employee of defendant's. His wife also worked for defendant on a double shift from 7:00 a.m. to 11:00 p.m. After Lucas was discharged, he would go with Mrs. Lucas to work and assist her in managing the convenience store. Defendant's district manager knew that Lucas was at the store and told Mrs. Lucas to let Lucas run the cash register "as long as the ABC law didn't catch him." He also worked on the books and made bank deposits. Mrs. Lucas paid Lucas $2.00 an hour for his work out of her own paycheck. During the course of a robbery of the store, Lucas was shot and killed, and his widow brought a claim for compensation under the Act. The Industrial Commission found that he was an employee at the time in question. The Court of Appeals reversed the Commission, and this Court affirmed. The Court stated that the acts of Lucas in going with his wife to the store and helping out in the work were entirely consistent with the desire of an unemployed husband to be with his wife at her work and to assist her in the performance of her duties, especially where the work location was likely to attract armed robbers at night. This Court found no contract of employment existed.

Likewise, here defendant desired to employ Sylvia Tucker, plaintiff child's mother, to work in the convenience store. She could not do so unless defendant agreed to let her eight-year-old son come to the store after school and remain until she completed her work. Defendant agreed to this plan. While on the premises the child from time to time performed menial tasks for Schneiderman, who sometimes would give the boy payments ranging from twenty-five cents to a dollar for his work. This is entirely consistent with the problem of a working mother who needs employment but must also supervise her young child. Shane was on the premises not as an employee of the corporate defendant, but because it was necessary in order for his mother to work. Such are the demands of our modern society. As in *Lucas,* plaintiff child was not an employee of defendant's.

Assuming arguendo that defendant may rely upon its plea in bar and that there is sufficient evidence to support a finding that Shane was an employee of defendant's, the trial court erred in sustaining defendant's plea in bar. If it is true, as defendant insists, that there was a contract of employment between Shane and the defendant, it was a contract with an infant and voidable at the option of the infant, Shane. *Personnel Corp. v. Rogers,* 276 N.C. 279, 172 S.E. 2d 19 (1970); *Barger v. Finance Corp.,* 221 N.C. 64, 18 S.E. 2d 826 (1942). Upon disaffirmance of a contract by an infant, the contract is void ab initio. *Id.* The status of the parties is as if there had never been a contract between them.

By bringing this common law action against defendant, the infant plaintiff has disavowed the former contract between the parties and relinquished any rights he may have had under the Workers' Compensation Act by virtue of the contract. By disavowing the contract, he has elected to pursue his common law remedy. That Shane avoided the contract by instituting the action is of no moment; it is just as effective as writing a letter of disaffirmance to defendant prior to commencing the action. The lawsuit and the evidence and contentions by plaintiff Shane clearly notified defendant that the contract was avoided. Upon plaintiff infant's disaffirmance of the contract, it was void ab initio and defendant could not rely upon a nonexisting contract to defeat plaintiff infant's action.

For the above reasons I vote to allow the infant plaintiff to pursue his common law action against defendant.

Justice PARKER joins in this dissenting opinion.