The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission rejects and reverses the Deputy Commissioners Opinion and Award and enters the following Opinion and Award.
***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in an executed Pre-Trial Agreement, incorporated herein by reference, and at the hearing as
 STIPULATIONS
1. Images Sign Service was self-insured on or about July 13, 1998.
2. On or about July 13, 1998, plaintiff sustained an injury by accident.
3. Plaintiff is no longer working for defendant-employer and has subsequently obtained employment earning wages greater than those earned during the time of his alleged employment with defendant-employer.
4. The issues to be determined are as follows:
a) Whether defendant-employer was bound by and subject to the North Carolina Workers Compensation Act as of July 13, 1998?
6. On July 13, 1998, what was plaintiffs employment status with defendant-employer: was he a regular employee, a casual employee or an independent contractor?
***********
The Pre-Trial Agreement along with its attachments and any additional stipulations are hereby incorporated by reference as though they are fully set out herein.
***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. Plaintiff, born on June 26, 1974, was twenty-four years old at the time of the hearing before Deputy Commissioner Glenn.
2. On July 13, 1998, defendant-employer was owned and operated as a sole proprietorship by Bryon Collier. Michelle Collier, Bryon Colliers wife, did not have a partnership interest in the business with her husband. Although the parties stipulated that defendant-employer was self-insured at the time of plaintiffs injury, defendant-employer is not a duly qualified self-insurer and did not participate in a self-insured fund. In reality, defendant-employer is non-insured.
3. Defendant-employer designed, manufactured, sold and installed wooden, stucco and fiberglass signs. In 1998 defendant-employers business was growing and therefore relocated that summer from the Colliers home to a building in downtown Ellenboro, North Carolina. Previously, the building had been occupied by a car dealership and was in need of some renovation.
4. Both plaintiff and Steve Clay, plaintiffs brother-in-law, were working full time for PPG in June 1998. However, Steve Clay also worked for defendant-employer on the days that he did not work for his primary employer, PPG. Mr. Clay worked approximately one or two days for defendant-employer during each of his four day breaks from PPG. In fact, during June 1998 Mr. Clay worked 100 hours for defendant-employer.
5. On June 21, 1998, plaintiff worked for defendant-employer for the first time after he was contacted by Mr. Clay. On that day plaintiff performed a number of tasks including applying fiberglass to signs, sanding signs, and sweeping and cleaning up in general. Mr. Collier taught plaintiff to perform the work and oversaw his progress. Plaintiff earned $10.00 per hour this day and worked approximately 9 hours. Mr. Collier informed plaintiff that anytime he was not working for PPG he could work for defendant-employer at $10.00 per hour.
6. July 12, 1998 was the last day that both plaintiff and Steve Clay worked for PPG.
7. On July 13, 1998, the second day plaintiff worked for defendant-employer, Bryon Collier telephoned plaintiff regarding working that day. That day plaintiff swept the parking lot, helped to raise and lower a rolling garage door, along with performing a number of other tasks including sanding. Plaintiff, George Allen Green, Steve Clay and Bryon Collier were attempting to lower the rolling door when the door spring broke and hit plaintiff in the face injuring him.
8. During July 1998, Mr. Clay worked 88.5 hours for defendant-employer. Thereafter, on August 1, 1998, Mr. Clay began working fulltime for defendant-employer and continued in this capacity until approximately January 1, 1999 at which time business became too slow for defendant-employer to retain him.
9. George Allen Green performed 19.5 hours of work for defendant-employer during July of 1998. He assisted with moving equipment and other materials into the new shop and performed general cleaning and maintenance. In addition, he helped with the building of the signs. Mr. Green was paid hourly for his work during June and July of 1998. Mr. Green was a Rutherford County sheriffs deputy at that time. After June and July of 1998, Mr. Green and Mr. Collier worked on a project to redo the Countys Sheriffs Departments cars but Mr. Green was not paid a salary by defendant-employer.
10. Mary McKee was hired by defendant-employer in June and July of 1998 to perform painting. She worked 33.5 hours in June of 1998 and 75 hours in July of 1998. Although she painted the interior walls of defendant-employers new facility, she also assisted in painting Styrofoam letters that were used in manufacturing the signs.
11. Corey Padgett also worked for defendant-employer during the summer of 1998 occasionally painting and assisting in the building of signs.
12. Michelle Collier was employed full-time by an employer other than defendant-employer until June 1998. Thereafter, she painted letters for signs and did the billing for defendant-employer. Ms. Collier did not receive a salary from defendant-employer.
13. On or about July 13, 1998, defendant-employer regularly employed Steve Clay, Mary McKee, Corey Padgett and George Allen Green in various positions. Furthermore, although Ms. Collier did not receive a salary, arguably, she functioned as a regular employee of defendant-employer.
14. Bryon Collier, the owner of defendant-employer, is not an employee for the purpose of determining the number of employees regularly employed by defendant-employer.
15. Plaintiff was a not a regularly employed by defendant-employer but was a casual employee. However, the work performed by plaintiff on June 21, 1998 and July 13, 1998 was either directly in the course of defendant-employers business or in furtherance of and necessary to defendant-employers business as with the case of "odd jobs or routine maintenance.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Defendant-employer regularly employed three or more employees on July 13, 1998, and was therefore subject to and bound by the North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-2(2).
2. Furthermore, although plaintiff was a casual employee of defendant-employer, defendant-employer is nevertheless liable for the injury by accident plaintiff sustained on July 13, 1998, since either he was engaged in the course of defendant-employers business or his duties were in furtherance of that business on July 13, 1998. Johnson v.Asheville, 199 N.C. 38, 153 S.E.2d 591 (1930); Lemmerman v. A. T.Williams Oil Co., 318 N.C. 577, 350 S.E.2d 83, rehg denied, 318 N.C. 704,351 S.E.2d 736 (1986).
***********
Considering the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiffs claim for workers compensation benefits is herby REMANDED to a Deputy Commissioner for the taking of further evidence necessary to render a final decision regarding benefits due plaintiff.
2. Defendants shall bear the costs due the Commission.
This the ___ day of September 2000.
S/________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER