JOHN S. MICHAUX, ADMINISTRATOR OF THE ESTATE OF BAILEY WILLIAMS, DECEASED, EMPLOYEE, AND ANNIE WILLIAMS, v. GATE CITY ORANGE CRUSH BOTTLING COMPANY, EMPLOYER, AND GLOBE INDEMNITY COMPANY, INSURER.

(Filed 24 January, 1934.)

**1. Master and Servant F a—**

A boy employed by a truck driver for a bottling company with the knowledge and consent of the company, whose services are necessary to the proper distribution of the products of the company is an employee of the company within the meaning of the Workmen's Compensation Act.

**2. Master and Servant F b—Evidence held sufficient to support finding that accident arose out of and in course of employment.**

A helper of a truck driver, left behind while playing or scuffling with another boy, ran and caught up with the truck, and in attempting to climb upon the moving truck, fell to his injury and death. *Held*, if he was guilty of contributory negligence in attempting to climb upon the moving truck it would not preclude recovery under the provisions of the Compensation Act, and his prior scuffling would not preclude recovery, such acts bearing no relation to the subsequent injury and death.

CIVIL ACTION, before *Sink, J.,* at August Term, 1932, of GUILFORD.

The Gate City Orange Crush Bottling Company owned several trucks which it used to distribute its products. W. S. Simmons drove one of said trucks for the defendant, Bottling Company, and each truck driver was assigned a certain territory. The truck drivers hired boys with the consent and knowledge of the employer to assist in the distribution of the products. The drivers paid the boys so hired by them out of their own wages or commissions. W. S. Simmons, a truck driver, employed the deceased, Bailey Williams, a boy about sixteen years of age as a truck helper and paid him about $4.00 per week. On 26 May, 1929, the truck operated by Simmons stopped to make a delivery of soft drinks and while the truck was standing still, deceased and another Negro boy engaged in a fuss about an Eskimo pie. The driver of the truck started off and ran some little distance when the deceased in this case ran after it, caught the truck, and in attempting to climb on it fell and sustained the injury causing his death. The plaintiff, Annie Williams, mother of the deceased, is the sole dependent of Bailey Williams.

A claim was duly filed with the Industrial Commission and an award made by the hearing Commissioner. Upon appeal to the full Commission the award was affirmed.

The findings of fact of the Industrial Commission are as follows:

1. That all parties are bound by the Workmen's Compensation Act.

2. That Simmons, the driver of the truck, was a regular employee of the defendant, Gate City Orange Crush Bottling Company.

3. That on 26 May, 1929, Bailey Williams, deceased, suffered an accident that arose out of and in the course of his employment.

4. That the mother, Annie Williams, was the sole dependent of the deceased.

Upon appeal to the Superior Court the award of the Industrial Commission was affirmed, and from such judgment the defendants appealed.

*Smith, Wharton & Hudgins for plaintiffs.*
*Kenneth M. Brim for defendants.*

BROGDEN, J. The claimant was employed as a truck helper by the driver thereof, with the consent and approval of the employer, Gate

City Orange Crush Bottling Company. Moreover, his services were necessary to the proper and efficient distribution of the products of the employer. He was injured in attempting to climb upon the truck to which he had been assigned in the prosecution of the business of the owner. *Hayes v. Creamery,* 195 N. C., 113, 141 S. E., 340.

Assuming that it was a negligent act for this boy to attempt to mount a moving truck, nevertheless "it is generally conceded by all courts that the various compensation acts were intended to eliminate the fault of the workman as a basis for denying recovery." *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594. The fact that previous to his injury he had been playing or scuffling or sparring with another boy does not preclude recovery upon the facts disclosed by the record. Such acts bore no relation to his fall from the truck and the consequent death.

There was competent evidence to support the findings of fact made by the Industrial Commission and the judgment is

Affirmed.