VIRGINIA L. CURTIS CHANDLER, WIDOW AND GUARDIAN AD LITEM FOR
ELIZABETH ANN CURTIS, MINOR DAUGHTER, AND WALTER MASON CUR-
TIS, IV, MINOR SON, AND WALTER MASON CURTIS, III, DECEASED
EMPLOYEE, PLAINTIFFS v. NELLO L. TEER COMPANY, EMPLOYER AND
UNITED STATES FIDELITY AND GUARANTY INSURANCE COMPANY,
CARRIER, DEFENDANTS

No. 8010IC1170

(Filed 15 September 1981)

Master and Servant § 62.1— workers' compensation—death while returning to
sleeping quarters

The death of an employee arose out of and in the course of his employ-
ment with defendant employer where decedent was sent by his employer to its
road-building project in Malawi, Africa; decedent was staying at a camp pro-
vided by defendant employer which contained sleeping, eating and recreational
facilities; decedent went with another employee of defendant to a nearby sugar
plantation so that the other employee could schedule a softball game between
the sugar plantation personnel and defendant's employees; and decedent was
killed in a collision on a road within the confines of defendant's road project
while returning to the sleeping quarters provided by defendant employer.

Judge ARNOLD dissenting.

APPEAL by plaintiff from opinion and award of the North
Carolina Industrial Commission entered 29 August 1980. Heard in
the Court of Appeals 26 May 1981.

Plaintiff's deceased husband, Walter Mason Curtis, III, was
employed as an accountant with defendant Nello L. Teer Com-
pany (Teer), of Durham, North Carolina. Curtis was sent by Teer
to its road-building projects in Malawi, Africa to conduct an audit
of Teer's African operation and to plan the moving of all Teer's
African accounting operations to Malawi. Curtis arrived in Africa
on 26 May 1976, and, after making stops at several Teer projects,
arrived at Teer's Chicwaawaa road project in Ngabu, Malawi on
14 June 1976.

Because of the isolated location of the Chicwaawaa road project, Teer built a camp at Ngabu for its employees which included living accommodations, a dining hall and recreational facilities. Curtis was staying at the camp while conducting his audit. On 16 June 1976, the electricity failed at the Ngabu camp, and shortly thereafter, Curtis and Thomas P. Smith, an employee of a consulting engineering firm hired by Teer, left the camp and traveled to a nearby sugar plantation. The two men traveled to the sugar plantation in a truck owned and maintained by Teer, but which Teer had leased to the consulting engineering firm. Evidence in the record indicates that Smith wanted to go to the sugar plantation in order to schedule a softball game between the sugar plantation personnel and the Teer employees. Curtis went along for the ride.

While at the sugar plantation, the men had two drinks each, played darts and visited with some of the sugar plantation employees. Some time after midnight, Smith and Curtis headed back to the Ngabu camp. In route, but on a road within the confines of Teer's Chicwaawaa road project, the truck driven by Smith was involved in a head-on collision with another truck. Both Smith and Curtis were killed instantly.

Curtis was survived by his wife, the plaintiff in this action, and his two children. A Notice of Accident was filed with the North Carolina Industrial Commission (Commission) in July, 1977. In an opinion and award dated 30 May 1980, a deputy commissioner of the Commission found that Curtis' accident arose out of and in the course of his employment with Teer and awarded benefits to his wife and children. On appeal by Teer, the full Commission reversed the deputy commissioner and denied benefits, finding that Curtis was not acting within the course and scope of his employment at the time of the accident. The plaintiff-wife subsequently brought this appeal.

*Maxwell, Freeman & Beason, P.A., by James B. Maxwell, and Mark R. Morano, for plaintiff appellant.*

*Walter L. Horton, Jr., for defendant appellees.*

BECTON, Judge.

The question raised in this appeal is whether the Commission erred in denying workers' compensation benefits to Curtis' family.

Appellant specifically excepts to the Commission's finding of fact and conclusion of law that Curtis' death did not arise out of or in the course of his employment with the defendant, Teer. Based on the evidence in the record, we hold that Curtis was acting within the course and scope of his employment when he was killed within the confines of Teer's Chicwaawaa road project and while returning to Teer-provided sleeping quarters. Consequently, we reverse the opinion and award of the Commission.

In appeals from the Commission, the scope of our review under the Workers' Compensation Act is (1) to determine if the Commission's findings of fact are supported by competent evidence in the record, and (2) to determine if the findings of fact reasonably support the conclusions of law. *Byers v. Highway Commission*, 275 N.C. 229, 166 S.E. 2d 649 (1969); G.S. 97-86. Moreover, it should be noted that our courts construe the Workers' Compensation Act liberally in favor of compensability. *Hewett v. Garrett*, 274 N.C. 356, 163 S.E. 2d 372 (1968); *Thomas v. Gas Co.*, 218 N.C. 429, 11 S.E. 2d 297 (1940).

Appellant contends that the uncontradicted evidence in the record is that Curtis was killed in a truck owned by his employer, on a road within the confines of Teer's Chicwaawaa road project, and while away from his home on a company business trip. Teer argues, however, that the accident was not on premises controlled by Teer and that the truck, although owned by Teer, was on lease to one of Teer's consulting engineering firms. Moreover, Teer argues that Curtis was on personal business at the time of the accident and by virtue of this deviation was acting outside the scope of his employment.

North Carolina adheres to the general rule that:

"[e]mployees whose work entails travel away from the employer's premises are held . . . to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown."

*Brewer v. Trucking Co.*, 256 N.C. 175, 179, 123 S.E. 2d 608, 611 (1962), *quoting* 1 Larson, Workmen's Compensation, § 25.00. The rule's rationale is that an employee on a business trip for his employer must "eat and sleep in various places in order to further the business of his employer; . . . [Moreover], [w]hile lodging

in a hotel or preparing to eat, or while going to or returning from a meal, he is performing an act incident to his employment. . . ." *Martin v. Georgia Pacific Corp.*, 5 N.C. App. 37, 42, 167 S.E. 2d 790, 793-94 (1969), *quoting Thornton v. Hartford Acc. & Indem. Co.*, 198 Ga. 786, 32 S.E. 2d 816 (1945). This rule of continuous employment seems particularly applicable when, as in this case, Curtis was not only on a business trip in Africa at the direction of his employer, but was also working, eating, sleeping and engaging in recreational activities at projects owned and operated by his employer for the benefit of the employees.

Significantly, North Carolina has also adopted the rule that an employee injured while traveling to and from his employment *on the employer's premises* is covered by the Act. *Bass v. Mecklenburg*, 258 N.C. 226, 128 S.E. 2d 570 (1962). *See also Barham v. Food World*, 300 N.C. 329, 332, 266 S.E. 2d 676, 679 (1980). It is clear that if Curtis had been injured while sleeping in the camp, walking to the dining hall, inspecting one of Teer's completed roads, or participating in a Teer-organized softball game, his injuries would be compensable. *See Bass v. Mecklenburg County*, wherein a nurse who was furnished room and maintenance at her employer's nursing home facilities received benefits as a result of an accident occurring between buildings on her employer's premises.

In this case, Teer contends that Curtis was on a personal detour when he visited the nearby sugar plantation. While this contention is disputed by the appellant, it is undisputed that Curtis was back within the confines of the Chicwaawaa road project when the accident occurred. Mr. Fredrich, Vice President in Charge of Teer's African Operations, testified by way of deposition that:

Q. From my understanding, this accident took place between two project sites.

A. No, that's not right; no, the accident occurred *within the limits* of the Chicwaawaa, Gangula [sic] project at a point south of a small town named Enchaloh but it was *within the limits* of the Chicwaawaa, Bangula project.

Q. Was it between two work camps or something of that nature then?

A. No, no really; we have on that project only one work camp where our office, workshops, warehouse and living accommodations are all located. (Emphasis added.)

Moreover, Richard Elder's (Teer's Equipment Superintendent) testimony that the accident occurred five miles north of the camp is not inconsistent with the evidence that the accident was still within the confines of the Chicwaawaa road project. The Ngabu camp is located in an area surrounded by the Chicwaawaa road project. Given the rule that an employee's employment status is continuous while on a trip for his employer, including time spent getting to and time spent in hotels and restaurants, Curtis was continuously in his employment while within the confines of the Chicwaawaa road project, and not on a personal frolic. Curtis' personal frolic to the sugar plantation, if indeed one, ended when he returned to the Chicwaawaa road project. It is undisputed that Curtis was in the process of returning to his place of employment and the sleeping accommodations provided for him by his employer at the time of the accident. In *Martin*, the employee was attending a one-week training program out-of-town. After walking several blocks from his hotel to see yachts on the river, the employee then proceeded to a restaurant to eat dinner and was struck and killed by a car. Benefits were allowed. This Court concluded that although going to see the yachts was a personal detour, once he began to proceed to dinner he "had abandoned his personal sight-seeing mission" and was back within the scope of his employment. 5 N.C. App. at 43, 167 S.E. 2d at 794. We do not believe that workers' compensation would have been denied had Martin eaten first, gone to the yacht basin second, and then been killed on his trip back to his hotel. This case, then, is indistinguishable from *Martin* and from the other worker compensation cases in which the traveling employee is compensated for injuries received while returning to his hotel, while going to a restaurant or while returning to work after having made a detour for his own personal pleasure. *Clark v. Burton Lines*, 272 N.C. 433, 158 S.E. 2d 569 (1968); *Kiger v. Service Co.; Brewer v. Trucking Co.; Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862 (1957); *Michaux v. Bottling Co.*, 205 N.C. 786, 172 S.E. 406 (1934); *Parrish v. Armour & Co.*, 200 N.C. 654, 158 S.E. 188 (1931); *Williams v. Board of Education*, 1 N.C. App. 89, 160 S.E. 2d 102 (1968). Although on a private mission prior to an accident, an employee who is injured while returning to his employment should be com-

pensated under the Workers' Compensation Act. In order for Curtis' death to be compensable, then, he need not have returned all the way to his sleeping quarters, just as an employee injured while returning to work on the employer's premises need not be in his exact assembly-line position or in his own office at the time of his injury in order to be compensated.

It is clear from the evidence that Teer sent Curtis on a business trip to an isolated part of Africa, and provided Curtis and other Teer employees with sleeping, eating and recreational facilities within the various Teer project areas. While within the project areas, employees of Teer are continuously in an employment situation and are protected by the provisions of the Workers' Compensation Act.

The Commission's finding of fact that Curtis was not acting within the scope of his employment at the time of his death is not supported by the evidence in the record. Likewise, the Commission's conclusion of law is also not supported by its findings. Therefore, we reverse the opinion and award of the Commission and order the deputy commissioner's opinion and award reinstated.

Reversed.

Judge VAUGHN concurs.

Judge ARNOLD dissents.

Judge ARNOLD, dissenting.

I dissent. The Commission's finding that Curtis was not acting within the scope and course of his employment at the time of the accident is supported by the evidence. Therefore, I would affirm the Commission.