ELAINE CAUBLE, ADMINISTRATRIX OF THE ESTATE OF JAMEY B. STATON, DECEASED, PLAINTIFF-APPELLEE v. SOFT-PLAY, INC., EMPLOYER, AND THE HOME INDEMNITY COMPANY, CARRIER, DEFENDANTS-APPELLANTS

No. COA95-1423

(Filed 19 November 1996)

**Workers' Compensation § 153 (NCI4th)— employee killed on business trip—returning to motel from dinner and sports bar**

The Industrial Commission correctly determined that decedent's death arose out of and in the course of his employment where decedent and his supervisor were assigned as part of a crew to a project in New York; all crew members were given a per diem to be used for any purpose; decedent and his supervisor drove to a restaurant/bar after work, ate dinner, and remained in the sports bar to watch a ball game; an accident occurred as they were returning to their motel; the supervisor was driving; and both were intoxicated. North Carolina adheres to the rule that employees whose work requires travel away from the employer's premises are within the course of their employment continuously during such travel except when there is a distinct departure for a personal errand. Even if remaining at the restaurant to drink and watch a ball game constituted a personal endeavor, sufficient evidence existed to support the finding that decedent had rejoined his course of employment at the time of the accident. The parties do not argue that his intoxication was a cause of his death.

**Am Jur 2d, Workers' Compensation § 294.**

Appeal by Defendants from Opinion and Award entered 26 September 1995 by the North Carolina Industrial Commission, Coy M. Vance, Commissioner. Heard in the Court of Appeals 24 September 1996.

## CAUBLE v. SOFT-PLAY, INC.

[124 N.C. App. 526 (1996)]

*Wishart, Norris, Henninger & Pittman, P.A., by Daniel C. Marks, for defendants-appellants.*

*The Law Offices of Cecil Whitley, by Michael S. Adkins, for plaintiff-appellee.*

WYNN, Judge.

The parties stipulate to the following summary of the relevant facts in this matter:

Defendant Soft-Play, Inc., a North Carolina corporation, employed Jamey B. Staton and assigned him as part of an equipment installment crew to a project in Erie County, New York. The company gave all crew members a daily per diem of $30.00 to be used for any purpose, including purchasing meals, and paid directly for their lodging.

While on this assignment, Staton and his supervisor, Thomas Shanahan, drove to a restaurant/bar called the Buffalo Brute Club after working a shift. Shanahan had rented the vehicle subject to reimbursement by defendant Soft-Play. They ate dinner and remained at the sports bar to watch a ball game. Tragically, while returning to their motel late that evening, an accident occurred when another vehicle struck their vehicle as Shanahan attempted to turn left at an intersection controlled by a stoplight. Staton died. The accident occurred approximately 100 yards from their motel.

Both Staton and Shanahan were legally intoxicated at the time of the accident. As a result of the accident, Shanahan pled guilty to criminally negligent homicide and driving while impaired.

Following Staton's death, his mother, plaintiff Elaine Cauble, qualified as the administratrix of his estate. She sought death benefits under the Workers' Compensation Act and requested a hearing before the Industrial Commission. The parties, however, waived the hearing and submitted the case to Deputy Commissioner Laura K. Mavretic on stipulated facts and documents. Thereafter, Deputy Commissioner Mavretic awarded compensation benefits to plaintiff on the grounds that decedent's death was by an accident arising out of and in the course of his employment with defendant Soft-Play. Subsequently, the Full Commission affirmed and adopted the Opinion and Award of the deputy commissioner. Defendants appeal from that decision.

CAUBLE v. SOFT-PLAY, INC.

[124 N.C. App. 526 (1996)]

On appeal, defendants challenge the Commission's determination that Staton's death arose out of and in the course of employment.

The Commission's determination that an accident *arose out of* and *in the course of* employment is a mixed question of law and fact; thus, this Court may review the record to determine if the findings and conclusions are supported by sufficient evidence. *Williams v. Hydro Print*, 65 N.C. App. 1, 308 S.E.2d 478 (1983), *disc. review denied*, 310 N.C. 156, 311 S.E.2d 297 (1984). "Moreover, it should be noted that our courts construe the Workers' Compensation Act liberally in favor of compensability." *Chandler v. Teer Co.*, 53 N.C. App. 766, 768, 281 S.E.2d 718, 719 (1981), *aff'd*, 305 N.C. 292, 287 S.E.2d 890 (1982) (citations omitted).

North Carolina adheres to the rule that employees whose work requires travel away from the employer's premises are within the course of their employment *continuously* during such travel, except when there is a distinct departure for a personal errand. *Martin v. Georgia-Pacific Corp.*, 5 N.C. App. 37, 41, 167 S.E.2d 790, 793 (1969). The rule's rationale is that "an employee on a business trip for his employer must 'eat and sleep in various places in order to further the business of his employer.'" *Id.* at 42, 167 S.E.2d at 794 (quoting *Thornton v. Hartford Acc. & Indemn. Co.*, 198 Ga. 786, 32 S.E.2d 816 (1945)). Therefore, "'[w]hile lodging in a hotel or preparing to eat, or *while going to or returning from a meal*, [a traveling employee] is performing an act incident to his employment.'" *Id.* (Emphasis added).

We note at the outset that defendants did not argue in their brief that the fact that Staton's blood alcohol level was above the legal limit of intoxication was sufficient, in and of itself, to bar workers' compensation benefits. (Indeed, intoxication alone will not work a forfeiture of an employee's benefits under N.C. Gen. Stat. § 97-12(1) (1991); rather, he forfeits his benefits only if the injury was proximately caused by the intoxication. *Gaddy v. Anson Wood Products*, 92 N.C. App. 483, 374 S.E.2d 477 (1988). Moreover, even if the employee's intoxication *is* a proximate cause of his injury, recovery of benefits will not be barred if the intoxicant was "supplied by the employer or his agent in a supervisory capacity to the employee." N.C.G.S. § 97-12(1). In this case, Staton's intoxication was not a cause in fact of the accident which resulted in his death. The accident was caused by Shanahan's negligence. It should also be noted that the alcohol was consumed in the presence and in the company of Staton's

supervisor and in effect may have been provided by his employer, defendant Soft-Play, by means of the per diem which employer paid to Staton.). Instead, defendants contend that by electing to remain at the bar after dinner instead of returning to the hotel, Staton's trip became one of a purely personal and social nature and any causal connection to his employment was terminated for the rest of the evening. We disagree.

It is well-established that a traveling employee will be compensated under the Workers' Compensation Act "for injuries received while returning to his hotel, while going to a restaurant or while returning to work after having made a detour for his own personal pleasure." *Chandler v. Teer*, 53 N.C. App. at 770, 281 S.E.2d at 721 (citing *Martin v. Georgia-Pacific Corp.*, 5 N.C. App. 37, 167 S.E.2d 790 (1969); *Clark v. Burton Lines*, 272 N.C. 433, 158 S.E.2d 569 (1968); *Brewer v. Trucking Co.*, 256 N.C. 175, 123 S.E.2d 608 (1962); *Hardy v. Small*, 246 N.C. 581, 99 S.E.2d 862 (1957); *Michaux v. Bottling Co.*, 205 N.C. 786, 172 S.E. 406 (1934); *Parrish v. Armour & Co.*, 200 N.C. 654, 158 S.E. 188 (1931); *Williams v. Board of Education*, 1 N.C. App. 89, 160 S.E.2d 102 (1968)).

In *Martin v. Georgia-Pacific Corp.*, an out-of-town employee walked several blocks from his hotel to see yachts on the river. He then proceeded to a restaurant to eat dinner and was struck and killed by a car. This Court concluded that although going to see the yachts was a personal detour, once the employee began to proceed to dinner he "had abandoned this personal sight-seeing mission" and was back within the scope of his employment. 5 N.C. App. at 43, 167 S.E.2d at 794. In *Chandler v. Teer*, this Court reversed the Industrial Commission's determination that an out-of-town employee's death was not compensable because he had made a personal detour to set up a soft-ball game while on his way back to his sleeping quarters from a worksite. Judge Becton, writing for the Court, cited *Martin* and commented: "We do not believe that workers' compensation would have been denied had [the employee in *Martin*] eaten first, gone to the yacht basin second, and then been killed on his trip back to his hotel." 53 N.C. App. at 770, 281 S.E.2d at 721.

In the instant case, Staton traveled to New York, slept in a motel and ate at restaurants in order to further the business of and at the direction of his employer, defendant Soft-Play. At the time of the accident, he was returning to his motel from the place where he had eaten dinner. Moreover, as pointed out earlier, the parties do not argue that

his intoxication was a cause of his death. Based on these facts, we are of the opinion that even if Staton's remaining at the restaurant to drink alcohol and watch a ball game constituted a personal endeavor, sufficient evidence existed to support the Commission's finding that he had rejoined his course of employment at the time of the accident. Accordingly, the Opinion and Award of the Commission is,

Affirmed.

Judges JOHN and McGEE concur.