This is a difficult case in which all of the physicians, including the defendant's own in-house physician, have said that they cannot state, to a reasonable degree of medical certainty, whether plaintiff's 11 April 1996 slip and fall was the proximate cause of plaintiff's cervical disc rupture. However, there is nothing in the record to suggest any intervening accident or trauma which may have precipitated plaintiff's condition. In fact, all of the physicians have said that there could be a causal relationship between the slip and fall and plaintiff's condition. North Carolina courts have held that testimony by an expert using the words "could" or "might" refer to probability and not mere possibility and are competent, as the expert opinion is based on the reasonable probabilities known to the expert from scientific learning and experience. Lockwood v. McCaskill, 262 N.C. 663,138 S.E.2d 541 (1964). See also Lee v. Regan, 47 N.C. App. 544,267 S.E.2d 909 (1980).
Defendants argue that because they are able to later rephrase the question and elicit a different answer from Dr. Hogsette, that the plaintiff has failed to prove causation. This conflict in the testimony of the physicians should be resolved in the plaintiff's favor, especially in light of the fact that plaintiff had not experienced disabling back problems prior to the fall. Our Supreme Court has said on many occasions that "our Workers' Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents, and its benefits should not be denied by a technical, narrow, and strict construction." Hollman v. City of Raleigh,273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968).
Plaintiff, following his cervical disc surgery, was released to return to work; however, prior to doing so, he visited Dr. Bonfili, the company doctor, for approval. Dr. Bonfili refused to certify plaintiff to return to work because plaintiff had only limited use of his neck. In a letter to Kathy Holbrook, who is with R.J. Reynolds employee benefits division, Dr. Bonfili wrote: "I feel that driving a truck, with the vibration and the repetitive action of the upper extremities in driving a truck, getting in and out of the truck, would exaggerate his problems. In addition, in order to control his symptomatology with the increased activity, he takes medication and I would not want him driving a truck while on this type of medication."
Plaintiff testified that no other work, such as sedentary work, had been offered to him by the company. Dr. Bonfili also testified that, "we don't have any sedentary jobs available with his — he's a truck driver. That's his training. That's his experience for over 30 years. And we just don't have — I mean, they told me — personnel told me they don't have anything available that they could place him in."
Based on the aforementioned testimony of Dr. Bonfili and the fact that plaintiff is of the age and education level that he would be unable to find other employment to replace the wages lost at his job with R.J. Reynolds, plaintiff is disabled. Under the Workers' Compensation Act, an employee is disabled when an injury makes him unable to earn wages he was receiving at the time of the injury in the same or other employment. N.C. Gen. Stat. § 97-2(9). Plaintiff's testimony was that he was a 56-year-old man who had worked for the defendant for 37 years at the time of the accident. He had completed the 12th grade and attended Forsyth Technical College for six months. He has never held a sedentary position.
The defendant's own in-house Doctor testified that the plaintiff is incapable of earning pre-injury wages in the same employment. Given plaintiff's average weekly wage with the defendant, which works out to approximately $11.13 per hour, as well as his age, education and work experience, the plaintiff will be incapable of earning pre-injury wages in any other employment. This inability to earn pre-injury wages in either the same or other employment was caused by plaintiff's injury and should support a conclusion of disability under Hilliard v. Apex CabinetCo., 305 N.C. 593, 290 S.E.2d 682 (1982).
Based on the foregoing and the fact that the Courts construe the Workers' Compensation Act liberally in favor of compensability, Chandler v. Nello L. Teer Co., 53 N.C. App. 766,281 S.E.2d 718 (1981), aff'd., 305 N.C. 292, 287 S.E.2d 890
(1982); and the provisions of the Act are to be construed liberally and in favor of the employee, Dayal v. Provident Life Accident Ins. Co., 71 N.C. App. 131, 321 S.E.2d 452 (1984); the majority should find plaintiff's condition compensable within the meaning of the Workers' Compensation Act.
This 25th day of August 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER