TONJA F. BOWSER, EMPLOYEE, PLAINTIFF v. N.C. DEPARTMENT OF CORRECTION, EMPLOYER, SELF-INSURED (KEY RISK MANAGEMENT), DEFENDANT

No. COA00-1418

(Filed 20 November 2001)

**Workers' Compensation— injury arising out of and in the course of employment—traveling employee—distinct departure for personal errand**

The Industrial Commission erred in a workers' compensation case by concluding that plaintiff traveling employee's injuries, while returning to her lodging from a restaurant where she purchased dinner, arose out of and in the course of her employment because plaintiffs' injuries occurred during a distinct departure for a personal errand since she received no reimbursement for her meal expenses and all her meals together with her lodging were provided by defendant employer at a specific location.

Appeal by defendant from opinion and award of the North Carolina Industrial Commission filed 10 August 2000. Heard in the Court of Appeals 9 October 2001.

*The Law Office of Leslie O. Wickham, Jr., by Mark H. Woltz, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Special Deputy Attorney General William H. Borden, for defendant-appellant.*

BOWSER v. N.C. DEP'T OF CORR.

[147 N.C. App. 308 (2001)]

GREENE, Judge.

The N.C. Department of Correction (Defendant) appeals an opinion and award of the Full Commission of the North Carolina Industrial Commission (the Full Commission) filed 10 August 2000 awarding Tonja F. Bowser (Plaintiff) temporary total disability benefits, medical expenses, and attorney's fees.

The record shows that Plaintiff began working for Defendant in August 1996 as a correctional officer trainee at Odom Correctional Institution in Jackson, North Carolina. Plaintiff's duties included supervising inmates to ensure they were in their proper location. In order to meet the duties of her employment, Plaintiff was required to complete a four-week basic training program (the program) at the North Carolina Justice Academy (the Academy) in Salemburg, North Carolina. Plaintiff received notification she was enrolled in the program from 27 January until 21 February 1997.

Plaintiff, along with two other women from her unit, Sarah Valentine (Valentine) and Kim James (James), attended the Academy in January 1997; thus, the three women decided to car pool. As the program was a commute of approximately two hours and thirty minutes away from their homes, the three women stayed in dormitories on the campus of the Academy and returned to their homes on the weekends. Three meals were served daily at the Academy at no cost to the program's participants, with dinner being served from 5:00 p.m. to 6:00 p.m. Barring no night classes, participants in the program were allowed to leave the Academy after class; however, they were not reimbursed for any meal or travel expenses incurred. There were no stores of any kind at the Academy nor were there any facilities where personal items could be purchased.

On 13 February 1997, Plaintiff, Valentine, and James completed their classes for the day at approximately 4:00 p.m. and decided to drive to Clinton, North Carolina, because James needed to purchase feminine hygiene products. Valentine, who had driven her car to Salemburg that week, along with Plaintiff and James left the campus of the Academy at approximately 5:00 p.m. and drove to a Rose's store in Clinton, a ten-to-fifteen mile distance from the Academy. The women shopped in Rose's for approximately thirty or forty minutes, and Plaintiff purchased candy and cards. On their return journey to the Academy, the women stopped at a Burger King for approximately ten minutes "because the cafeteria [at the Academy had] already closed." While returning to the Academy, the women were involved in

a serious car accident three miles from the Academy resulting in the death of Valentine. Plaintiff, who was riding in the front passenger seat, was thrown through the front windshield thus suffering severe traumatic brain injury, rib fractures, facial lacerations, liver lacerations, and a pulmonary contusion.

After several correspondences between Plaintiff and Defendant, Plaintiff was separated from her employment on 19 January 1999 due to her unavailability.

In an opinion and award filed on 10 August 2000, the Full Commission made findings of fact consistent with the above-stated facts, including the following pertinent findings of fact:

> 11. The fact that [P]laintiff was thrown through a windshield in a motor vehicle collision on February 13, 1997 was clearly an unusual occurrence which would constitute an injury by accident. Defendant contended that the accident did not arise out of and in the course of [Plaintiff's] employment. However, at the time of the accident, [P]laintiff was a traveling employee who was engaged in activities which were reasonable under the circumstances. Even if the shopping at Rose[']s and dinner at the fast food restaurant are considered a personal detour, [P]laintiff reentered the scope of employment when she began traveling back to the [A]cademy campus. When the accident occurred, [P]laintiff was not engaged in a personal errand which would constitute a distinct departure or deviation from her employment, and her injury was the result of risks associated with traveling, especially in unfamiliar areas.

> 12. Plaintiff was not engaged in performing her official duties as a correctional officer at the time of the accident. Classes were over for the day and she was in the process of attending to her own physical needs and accompanying co-workers who were also so engaged at the time of the injury.

The Full Commission then concluded Plaintiff sustained an injury by accident arising out of and in the course of her employment and therefore was entitled to compensation for temporary total disability until she returns to work or until ordered by the Industrial Commission. Commissioner Dianne C. Sellers dissented from the opinion and award on the basis that Plaintiff

> did not suffer an injury by accident arising out of and in the course and scope of her employment with [D]efendant-employer.

An employee whose work entails travel away from the employer's premises is within the course of her employment during the trip except when there is a distinct departure on a personal errand.

---

The dispositive issue is whether a traveling employee whose meals are provided at a specific location is within the course and scope of her employment while traveling to or from a meal not reimbursed by her employer.

"The Commission's determination that an accident *arose out of* and *in the course of* employment is a mixed question of law and fact; thus, this Court may review the record to determine if the findings and conclusions are supported by sufficient evidence." *Cauble v. Soft-Play, Inc.*, 124 N.C. App. 526, 528, 477 S.E.2d 678, 679 (1996), *disc. review denied*, 345 N.C. 751, 485 S.E.2d 49 (1997). This Court reviews the Full Commission's conclusions of law *de novo*. *Allen v. Roberts Elec. Contractors*, 143 N.C. App. 55, 63, 546 S.E.2d 133, 139 (2001).

Generally, an employee "whose work requires travel away from the employer's premises [is] within the course of [her] employment *continuously* during such travel, except when there is a distinct departure for a personal errand." *Cauble*, 124 N.C. App. at 528, 477 S.E.2d at 679; *Brewer v. Powers Trucking Co.*, 256 N.C. 175, 179, 123 S.E.2d 608, 611 (1962). Consistent with this general rule, this Court has held that where an employee is away from her employer's primary premises and the employer reimburses her for her meals without any restriction on where she should eat, any injuries occurring while the employee is going to or returning from a restaurant arise out of and in the course of her employment. *Martin v. Georgia-Pacific Corp.*, 5 N.C. App. 37, 43-44, 167 S.E.2d 790, 794 (1969); *Cauble*, 124 N.C. App. at 529, 477 S.E.2d at 679-80. Thus, a traveling employee whose lodging and meals are provided by the employer at a specific location without reimbursement for meals taken at a different location is not within the course and scope of her employment while going to or returning from a meal taken at that different location. This is so because when meals are provided at a specific location without any reimbursement for meals taken at a different location, it is not necessary or incidental to the employment for the employee to travel away from the specific location to take her meals and any departure away from this specific location without being reimbursed is a personal errand.

**BOWSER v. N.C. DEP'T OF CORR.**

[147 N.C. App. 308 (2001)]

In this case, Plaintiff, a traveling employee, was injured while returning from a restaurant, where she had purchased dinner, to her lodging at the Academy as provided by Defendant. Plaintiff, however, received no reimbursement for her meal expenses and all of her meals together with her lodging were provided at the Academy. Accordingly, as Plaintiff's injuries occurred during "a distinct departure for a personal errand," the Full Commission erred in concluding Plaintiff's injuries arose out of and in the course of her employment. *See Cauble*, 124 N.C. App. at 528, 477 S.E.2d at 679.

Reversed.

Judges HUNTER and THOMAS concur.