I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's Opinion and Award. I agree with the Deputy Commissioner that plaintiff's knee injury arose out of and within the course of his employment with defendant-employer and therefore is compensable. I would affirm the decision of the Deputy Commissioner.
Our courts have consistently held that employees whose work requires them to travel away from the employer's premises are within the course of their employment continuously during such travel, except when there is a distinct departure for a personal errand. Cauble v. Soft-Play, Inc.,124 N.C. App. 526, 477 S.E.2d 678 (1996); Chandler v. Teer,53 N.C. App. 766, 281 S.E.2d 718 (1981), aff'd, 305 N.C. 292,287 S.E.2d 890 (1982); Martin v. Georgia-Pacific Corp., 5 N.C. App. 37,167 S.E.2d 790 (1969). In this case, the trip to the National Restaurant Association exposition in Chicago was clearly business-related travel and arose out of plaintiff's employment. Defendant-employer paid plaintiff's salary while he was in Chicago, paid for plaintiff's airfare and hotel accommodations, and gave him expense money. Plaintiff was expected to attend the food show during the four days he was staying in Chicago at defendant-employer's expense.
The evidence shows that plaintiff went to a baseball game in the afternoon prior to attending a social event at Dave Busters. Although in previous years defendant-employer had provided tickets to baseball games to its employees attending the food shows, this particular year defendant-employer chose not to do so. Therefore, I agree with the majority that plaintiff's attendance at the White Sox-Yankees game on the date of his injury by accident was a purely voluntary decision and constituted a personal departure from the business-related nature of his trip.
However, I disagree with the majority that plaintiff remained on a personal departure at the time of his injury. North Carolina caselaw has consistently held that a traveling employee is entitled to compensation for injuries received while returning to his hotel, while going to or from a restaurant, or while returning to work after having made a detour for his own personal pleasure. Clark v. Burton Lines, 272 N.C. 433,158 S.E.2d 569 (1968); Kiger v. Bahnson Service Co., 260 N.C. 760,133 S.E.2d 702 (1963); Chandler v. Teer, supra. The Court of Appeals has stated:
 "Although on a private mission prior to an accident, an employee who is injured while returning to his employment should be compensated under the Workers' Compensation Act. In order for [the employee's] death to be compensable, then, he need not have returned all the way to his sleeping quarters, just as an employee injured while returning to work on the employer's premises need not be in his exact assembly-line position or in his own office at the time of his injury in order to be compensated."
Chandler v. Teer, 53 N.C. App. 766 at 770-771, 281 S.E.2d 718 at 721. Therefore, under this analysis, plaintiff reentered the course of employment when he was leaving the stadium to travel to the food show-related party at Dave Busters.
Although the majority opinion states that plaintiff was not required to attend the food show-related party, the evidence shows that because defendant-employer financed the trip, plaintiff believed that he was obligated or expected to attend the trade parties and other events that were included on the program itinerary provided by defendant-employer. Defendants' witness Rick Keiper testified that defendant-employer had never informed employees that they were not expected to attend the related parties. Plaintiff had attended the NRA food show three times previously and always went to the parties and other sponsored events. These social events were business related in that they were an opportunity for plaintiff to meet salesmen and vendors he dealt with by telephone but had not had an opportunity to meet and to create general goodwill for defendant-employer. At the shows and related functions, employees were expected to network with other individuals involved in the food service business and to educate themselves about new products on the market that were displayed and presented as samples at the various functions.
Therefore, because of connections with people in the trade and knowledge about products acquired by plaintiff at parties and other events related to the food show, defendant-employer directly benefited from plaintiff's attendance at these parties. Plaintiff's attendance at the exposition-related parties was within the course of his employment with defendant-employer. In my opinion, to hold otherwise would be to infer that any employee traveling on his employer's business would not be covered under our Workers' Compensation Act if injured at a reception or other social event associated with business seminars, conferences, and conventions. While attendance might not be required by an employer, most employers expect their employees to participate in these functions. Conferees attend these functions for the same networking purposes plaintiff attended the parties at the trade show, including the one at Dave Busters plaintiff intended to attend after the ballgame. It is unrealistic to argue that attendance at such business-related functions is purely elective and merely for social reasons.
For the foregoing reasons, I believe that plaintiff had reentered the course of his employment when he was leaving the stadium to travel to the food show party and consequently his fall was an injury by accident arising out of and in the course of his employment with defendant-employer. Therefore, plaintiff is entitled to compensation for his injury.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER