JACOBS v. SARA LEE CORP.

[157 N.C. App. 105 (2003)]

━━━━━━━

TIM JACOBS, Employee-Plaintiff v. SARA LEE CORPORATION, Employer-Defendant AND KEMPER INSURANCE COMPANIES, Carrier-Defendant

No. COA02-413

(Filed 1 April 2003)

**Workers' Compensation— personal deviation from business— return begun**

A workers' compensation plaintiff remained on a personal deviation from a sales incentive trip when he fell and injured his knee while leaving a baseball game which was not on the itinerary. Although he had decided to leave, he had not in fact exited the stadium when he was injured.

Appeal by plaintiff from an opinion and award entered 7 January 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 January 2003.

*Frederick R. Stann, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Jeffrey A. Kadis and Hope F. Smelcer, for defendants-appellees.*

CALABRIA, Judge.

Plaintiff appeals asserting the North Carolina Industrial Commission ("Commission") erred by determining that plaintiff was on a personal deviation from employment related activities when he was injured and therefore is not entitled to compensation under the Workers' Compensation Act. Commissioner Laura Kranifeld Mavretic dissented from the majority's opinion, agreeing with Deputy Commissioner Amy L. Pfeiffer's determination that plaintiff was not on a personal deviation but rather was returning to work when he was injured, and therefore his injury is compensable.

JACOBS v. SARA LEE CORP.

[157 N.C. App. 105 (2003)]

Pertinent to this appeal, the Commission found the following facts. Plaintiff was employed by defendant Sara Lee Corporation ("Sara Lee") as a salesman for eighteen years before he was injured. His job duties "consisted mostly of outside sales activities" which "involved traveling to the places of business of customers and prospective customers to promote defendant-employer's products and to take orders." Sara Lee offered trips to food shows as an incentive to its sales force. Plaintiff "had taken approximately twenty such trips during his employment with [Sara Lee]." Sara Lee provided transportation and spending money for the employees, and the employees were paid their normal salaries. Plaintiff won such a trip in May 1999, and Sara Lee provided plaintiff with a program of the food show events. On 23 May 1999, while plaintiff was in Chicago on one such trip, plaintiff bought a ticket to the White Sox-Yankees game and "personally chose to attend the ball game." "While exiting the ballpark, plaintiff slipped and fell, twisting and rupturing a tendon in his right knee." In finding of fact number six, the Commission found:

> Plaintiff indicated that he left the ball game early because it started to rain and that he intended to go to a 'Dave & Busters' party which was listed on a program of events available to salespeople who, like plaintiff, had won the privilege of taking the trip to Chicago. Defendant-employer did not expect plaintiff to attend the ball game; the baseball game was not on the itinerary of events related to the food show; and travel to and from the ball game was [] entirely for plaintiff's benefit and did not serve any interests of defendant-employer. Plaintiff was free to attend, or not attend, events on the itinerary that was provided to him; defendant-employer anticipated that Plaintiff would attend some portion of the food show only. Plaintiff was free to travel to baseball games, take city tours, site see, or to remain in his hotel; plaintiff was not required to attend any particular function, and plaintiff was not required to attend a 'Dave & Busters' party, which was scheduled to begin several hours after the time plaintiff left the ball park. The greater weight of the evidence is that the attendance [at] the ball game was a deviation from any benefit the employer could have anticipated from plaintiff's attendance at any food show event, and plaintiff was still on his deviation to the ballgame when he fell.

The Commission concluded as a matter of law, "[p]laintiff's injury while on a deviation to a baseball game is not compensable. Plaintiff

had not ended his personal deviation when he was injured leaving the ballpark."

Plaintiff appeals asserting the Commission erred by finding as fact and concluding as a matter of law that plaintiff's injury arose while he was on a personal deviation. Defendant asserts the Commission properly determined that plaintiff was on a personal deviation, and, alternatively, his injury is not compensable because plaintiff's attendance at the Dave & Busters party was not work related and did not benefit Sara Lee.

This Court's review of workers' compensation cases is "limited to the consideration of two questions: (1) whether the Full Commission's findings of fact are supported by competent evidence; and (2) whether its conclusions of law are supported by those findings." *Calloway v. Memorial Mission Hosp.*, 137 N.C. App. 480, 484, 528 S.E.2d 397, 400 (2000). "This Court does not weigh the evidence and decide the issue on the basis of its weight; rather, this Court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Devlin v. Apple Gold, Inc.*, —— N.C. App. ——, ——, 570 S.E.2d 257, 261 (10-15-2002). "If there is competent evidence to support the findings, they are conclusive on appeal even though there is evidence to support contrary findings." *Boles v. U.S. Air Inc.*, 148 N.C. App. 493, 498, 560 S.E.2d 809, 812 (2002). "The Industrial Commission's conclusions of law, however, are reviewable *de novo*." *Holley v. ACTS, Inc.*, 152 N.C. App. 369, 371, 567 S.E.2d 457, 459 (2002).

In the case at bar, there is competent evidence to support the Commission's findings of fact. Plaintiff admits "it was certainly reasonable for the Commission to find that the ballgame was a personal departure." Plaintiff asserts the Commission erred in finding of fact number six, finding that "plaintiff was still on his deviation to the ballgame when he fell." This finding is supported by competent evidence. Plaintiff's testimony explains, "I was going to catch a cab, leaving the stadium to go [to the Dave & Busters party]—almost on the sidewalk to catch a cab. And I was walking down a ramp at about a forty-five degree angle." Plaintiff elaborated, "we walked down the first [cement ramp] from the third level to the second level okay. And I got about [a] third or halfway down the second level and my leg just went up in the air . . . [a]ll the weight came down on my knee and I just twisted my knee." This is competent evidence to support the finding that plaintiff was still at the stadium, on a deviation, at the time of the

injury. This finding of fact, in turn, supports the conclusion of law that "[p]laintiff's injury while on a deviation to a baseball game is not compensable."

Plaintiff argues, however, that the Commission's opinion should be reversed because the conclusion of law that "[p]laintiff's injury while on a deviation to a baseball game is not compensable" results from an error of law. Plaintiff asserts North Carolina law provides for compensation for an employee who is injured on a business trip after starting to return to work from a personal deviation because the deviation is deemed to have ended. We hold the Commission did not err.

Generally,

'[a]n identifiable deviation from a business trip for personal reasons takes the employee out of the course of his employment until he returns to the route of the business trip, unless the deviation is so small as to be regarded as insubstantial.' 1 Larson § 19.00, at 4-352. However, an injury occurring after 'the personal deviation has been completed and the direct business route has been resumed' is compensable. Id. at § 19.32.

*Creel v. Town of Dover*, 126 N.C. App. 547, 557, 486 S.E.2d 478, 483 (1997). In *Creel*, plaintiff, on an errand for his employer, made a personal deviation, and was injured upon returning to complete the errand. Plaintiff and defendant disagreed as to where, precisely, plaintiff was injured. Plaintiff asserted he was on Carmichael Street, in furtherance of the errand, and had resumed the business route. Defendant argued that plaintiff was injured "before [he] ever ma[de] it onto the roadway," and therefore his deviation had not ended because "he had not yet resumed travel upon the roadway" where the employment required him to travel. *Creel*, 126 N.C. App. at 557-58, 486 S.E.2d at 484. This Court found sufficient evidence supported the Commission's finding that plaintiff "was injured while riding . . . on Carmichael Street at a point when his 'personal deviation ha[d] been completed and the direct business route ha[d] been resumed' " and therefore affirmed the Commission's award for plaintiff. *Creel*, 126 N.C. App. at 558, 486 S.E.2d at 484 (quoting 1 Larson § 19.32). As *Creel* demonstrates, unless the deviation is determined to be insubstantial, an argument not asserted by plaintiff in this case, compensability depends on whether the employee is "on the direct business route" or "on a personal deviation" when he is injured.

**JACOBS v. SARA LEE CORP.**

[157 N.C. App. 105 (2003)]

Plaintiff asserts *Chandler v. Teer Co.*, 53 N.C. App. 766, 281 S.E.2d 718 (1981), is controlling. In *Chandler*, this Court noted, a "traveling employee is compensated for injuries received while returning to his hotel, while going to a restaurant or *while returning to work* after having made a detour for his own personal pleasure." *Chandler*, 53 N.C. App. at 770, 281 S.E.2d at 721 (emphasis added). In *Chandler*, the employee was compensated for injuries occurring while returning to work from a personal deviation. Plaintiff asserts that, like *Chandler*, he was returning to work from a personal deviation, and therefore on injury occurring on the return trip from his deviation should be compensable. However, the Court, in *Chandler*, explained that recovery was based on North Carolina's "rule that an employee injured while traveling to and from his employment *on the employer's premises* is covered by the Act. . . . [And] it [wa]s undisputed that [the plaintiff] was back within the confines of [the job site] when the accident occurred." *Chandler*, 53 N.C. App. at 769, 281 S.E.2d at 720 (emphasis added). Therefore, the plaintiff's injury was compensable in *Chandler* not because the plaintiff was "returning to work," but rather because he had "returned to the route of the business trip," and was, in fact, on the job site. Although the Court used the general language "returning to work," *Chandler* highlights that the operative fact is not when the employee *decided* to return from a deviation and travel towards the business route, but rather whether *in fact* he had returned to the business route or site when he was injured. In the case at bar, although plaintiff *decided* to leave his personal deviation and return to the business route, the Commission, based upon competent evidence, found as fact that plaintiff had not *in fact* exited the ball park and this finding supports the Commission's conclusion that plaintiff was still on a deviation when he was injured.

The test developed by our case law is whether, at the time of the injury, the employee was on a substantial personal deviation, and therefore his injury is not compensable, or whether the employee had returned to the business route, and therefore his injury is compensable under the Workers' Compensation Act. We hold the Commission did not commit an error of law in determining that plaintiff was still on his personal deviation at the ball game when he was injured and therefore his injury is not a compensable injury.

Although the Commission made findings of fact regarding plaintiff's attendance at the events listed by Sara Lee on the weekend's itinerary, the Commission made no findings of fact or conclusions of law as to whether the Dave & Busters party was work related. However,

since this case is controlled by personal deviation analysis, we, like the Commission, need not reach the issue of whether the Dave & Busters party was work related.

Since competent evidence supports the Commission's findings of fact, which in turn support the conclusions of law, and the conclusions of law are consistent with applicable law, we affirm the decision of the Commission.

Affirmed.

Judges McGEE and HUNTER concur.