***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant, Centerpoint Human Resources, was a duly qualified self-insured. Sedgwick CMS is the third party administrator for defendant.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The medical records or reports and itemized billing statements of plaintiff are not in dispute for the purpose of a determination on the issue of compensability.
5. Plaintiff's average weekly wage was $703.00, which yields a compensation rate of $468.69 per week, based upon the Form 22 in evidence.
6. The parties entered the following into the evidence of record at the hearing before Deputy Commissioner Donovan:
a. Stipulated Exhibit 1 — Industrial Commission Form 22
b. Stipulated Exhibit 2 — Accident Report
c. Plaintiff's Exhibit 1 — Request for planned absence from work form, evidence of payment by employer for conference, registration form for conference, application for certified guardian, and agenda for conference
d. Plaintiff's Exhibit 2 — Authorization by employer and receipt for lodging expenses
e. Plaintiff's Exhibit 3 — Travel log dated May 3, 2003, mileage form, and copy of check for payment
f. Plaintiff's Exhibit 4 — Mapped out route of plaintiff's return to Winston-Salem
g. Plaintiff's Exhibit 5 — Map of route to plaintiff's mothers home
h. Defendant's Exhibit 1 — North Carolina map close up and wide scale of general area of accident
i. Defendant's Exhibit 2 — Recorded statement of plaintiff's mother dated May 9, 2003
7. The issue for determination by the Commission is whether plaintiff's injury arose out of and in the course of her employment with defendant?
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of plaintiff's injury on April 25, 2003, she was employed by defendant as a Case Manager and Guardian Representative. Her duties included coordinating services for and monitoring people with mental illnesses. As a guardian, her duties consisted primarily of managing the lives of people incompetent to do so for themselves.
2. Plaintiff received permission to attend an annual conference related to her employment in Asheville, North Carolina, from April 23, 2003 through April 25, 2003. Her attendance at the conference was approved by defendant and plaintiff was reimbursed for mileage, room and board. Plaintiff's mother accompanied plaintiff to the conference. Although plaintiff's employer was not aware that plaintiff's mother was traveling with her, it was not a violation of company rules for her to do so.
3. On April 25, 2003, plaintiff was returning from Asheville to Winston-Salem when she was struck head-on by another vehicle. Plaintiff suffered serious injuries, including a broken arm, broken femur bone, crushed right ankle and heel, fractured right hip, broken left hip, additional complications to both hips and various internal injuries.
4. On her return to Winston-Salem, plaintiff took Interstate 40 to Statesville, where she changed to Interstate 77. She entered Highway 421 outside of Winston-Salem and exited at the Lewisville exit, which turns into Conrad Road. The accident occurred shortly after plaintiff exited Highway 421 and began traveling on Conrad Road.
5. The evidence showed that there is another exit off Highway 421 further along the highway which provided a more direct route to plaintiff's home, and that the exit chosen by plaintiff would have allowed her to travel to her mother's residence, as well as to her own residence. However, the testimony from plaintiff and State Trooper Deam Crawford showed that while the alternative exit may have provided a more direct route in terms of mileage, that exit was under construction and involved numerous traffic signals and slower speed limits than the exit chosen by plaintiff. Further, the exit plaintiff chose placed her approximately equal distance between her home and that of her mother.
6. Plaintiff's father, Wilson Glenn, drove his wife to plaintiff's house prior to plaintiff's departure for Asheville on April 23, 2004. Mr. Glenn planned to pick up his wife at plaintiff's home upon their return to Winston-Salem. Mr. Glenn's testimony is deemed credible by the Full Commission.
7. The greater weight of the evidence of record shows that plaintiff was traveling to her residence at the time of the motor vehicle accident while on her way home from a business-related conference. At the time of the accident plaintiff was not on a personal errand but was engaged in an authorized activity for the benefit of her employer and for the purpose of furthering her employer's business.
8. This matter was appealed to the Full Commission by defendant from an Opinion and Award awarding benefits and results in an affirmation of that award.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Workers' Compensation Act, in order to be compensable, an accident must arise out of and in the course of the employment. N.C. Gen. Stat. § 97-2(6).
2. As a general rule, accidents sustained while an employee is going to and from work are not within the course of the employment. Kirk v. Stateof N.C. Dept. of Correction, 121 N.C. App. 129, 465 S.E.2d 301 (1995). However, employees whose work requires travel away from the employer's premises are within the course of their employment continuously during such travel, except when there is a distinct departure for a personal errand. Cauble v. Soft-Play, Inc., 124 N.C. App. 526, 477 S.E.2d 678
(1996), disc. rev. denied, 345 N.C. 751, 485 S.E.2d 49 (1997); Chandlerv. Teer, 53 N.C. App. 766, 281 S.E.2d 718 (1981), aff'd, 305 N.C. 292,287 S.E.2d 890 (1982); Martin v. Georgia-Pacific Corp., 5 N.C. App. 37,167 S.E.2d 790 (1969).
3. At the time of her injury, there is no evidence that plaintiff was involved in a personal errand, specifically taking her mother home prior to going home herself, other than speculation by defendant based on an option of which route plaintiff chose to take home. There is sufficient evidence presented concerning the reasons plaintiff chose the route she did, and arguments to the contrary are not persuasive. Accordingly, plaintiff's injury by accident on April 25, 2003 is compensable under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
4. Plaintiff sustained an injury by accident arising out of and in the course of her employment on April 25, 2003. N.C. Gen. Stat. § 97-2(6).
5. As plaintiff's medical records and resulting costs and her employment records were not entered into evidence, this Opinion and Award does not address the amount of medical and indemnity compensation plaintiff is entitled to receive.
6. Plaintiff is entitled to an attorney's fee assessed against defendant pursuant to N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff medical and indemnity compensation according to the provisions of the North Carolina Workers' Compensation Act. Because plaintiff's medical records and resulting costs and her employment records were not entered into evidence, this Opinion and Award does not address the amount of compensation plaintiff is entitled to receive. In the event that the parties are unable to agree on the amount of compensation which may be due plaintiff, either party may request a hearing before the Commission to resolve this matter.
2. Defendant shall pay the costs of this action, including a reasonable attorney's fee to plaintiff's attorney which shall be awarded upon the submission by plaintiff's counsel to the undersigned Commissioners of an affidavit showing legal services rendered for that portion of this case related to the appeal by defendant.
This the 3rd day of November 2004.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER
LKM/mlb