JON WHITLEY, Employee, Plaintiff,
v.
I.C. WILSON WOODWORKS, Employer, BUILDERS MUTUAL INSURANCE COMPANY, Carrier, Defendants.
No. COA07-758
North Carolina Court of Appeals
Filed January 15, 2008
This case not for publication
Thomas and Farris, P.A., by Albert S. Thomas, Jr., and Rose Rand Attorneys, P.A., by Paul N. Blake, III, for plaintiff-appellant.
Lewis & Roberts, P.L.L.C., by Jeffrey A. Misenheimer and Sarah C. Blair, for defendants-appellees.
TYSON, Judge.
Jon Whitley ("plaintiff") appeals from the North Carolina Industrial Commission's ("the Commission") opinion and award denying his claim for benefits. We affirm.

I. Background
In April 2004, plaintiff was employed by Wilson Woodworks ("defendant"), where he earned an average weekly wage of $360.00. On 2 June 2004, plaintiff filed a Form 18 that alleged he had injured his back when he "load[ed] cabinets onto a truck[]" on 19 April 2004. Defendant responded that plaintiff did not sustain an injury by accident in the course and scope of his employment and denied his claim for benefits. On 18 June 2004, plaintiff requested his claim be assigned for hearing.
A hearing was held before a deputy commissioner on 18 March 2005. The deputy commissioner issued an opinion and award, which denied plaintiff's claim for benefits on the grounds that plaintiff failed to "establish[] a causal link between his lifting incident and his back condition." Plaintiff appealed to the Full Commission.
On 6 February 2007, a divided panel of the Full Commission issued an opinion and award that denied plaintiff's claim for benefits because he failed to "establish[] a causal link between his alleged lifting incident and his back condition." Plaintiff appeals.

II. Issue
Plaintiff argues the Commission erred when it entered findings of fact numbered 17 and 18 and conclusion of law numbered 2.

III. Standard of Review
Our Supreme Court has stated:
[W]hen reviewing Industrial Commission decisions, appellate courts must examine "whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law." The Commission's findings of fact are conclusive on appeal when supported by such competent evidence, "even though there [is] evidence that would support findings to the contrary."
McRae v. Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (quoting Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); Jones v. Myrtle Desk Co., 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)).
"[T]he full Commission is the sole judge of the weight and credibility of the evidence . . . ." Deese, 352 N.C. at 116, 530 S.E.2d at 553. The Commission's mixed findings of fact and conclusions of law and its conclusions of law applying the facts are fully reviewable de novo by this Court. Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982); Cauble v. Soft-Play, Inc., 124 N.C. App. 526, 528, 477 S.E.2d 678, 679 (1996), disc. rev. denied, 345 N.C. 751, 485 S.E.2d 49 (1997).

IV. Challenged Findings of Fact and Conclusion of Law
Plaintiff argues findings of fact numbered 17 and 18 are not supported by competent evidence and the Commission's findings of fact do not support conclusion of law numbered 2. We disagree.
The challenged findings of fact state:
17. The burden is on plaintiff to establish his back condition is related to the April 19, 2004 lifting incident. Dr. Hardy opined and the undersigned finds, that the L5-S1 disk protrusion is unrelated to plaintiff's April 19, 2004 lifting incident. With regards to plaintiff's L4-L5 condition, the medical evidence presented is insufficient to establish a causal connection between plaintiff's back condition and the April 19, 2004 lifting incident. Dr. Hardy testified plaintiff's April 19, 2004 lifting incident could have been the cause of the L4-L5 protrusion. He also testified that any type of trauma could have caused plaintiff's back condition.
18. The medical evidence presented by plaintiff is insufficient to support plaintiff's burden of proving causation. The testimony of Dr. Hardy is based on speculation and is not sufficient to prove medical causation. Accordingly, plaintiff has failed to prove that his back condition is related to the alleged lifting accident.
(Emphasis original).
The challenged conclusion of law states:
2. As the testimony of plaintiff's treating physician was that the April 19, 2004 lifting incident could have caused his back condition, plaintiff has not established a causal link between his alleged lifting incident and his back condition and is entitled to no compensation under the Workers' Compensation Act. Id.

(Emphasis original).
"Doctors are trained not to rule out medical possibilities no matter how remote; however, mere possibility has never been legally competent to prove causation. Although medical certainty is not required, an expert's 'speculation' is insufficient to establish causation." Holley v. ACTS, Inc., 357 N.C. 228, 234, 581 S.E.2d 750, 754 (2003) (internal citations omitted). Based on our Supreme Court's holding in Holley, Dr. Ira M. Hardy's testimony that plaintiff's 19 April 2004 lifting incident "could have produced the rupture" and "any type of trauma could [have] cause[d] a herniation" is insufficient to establish causation. 357 N.C. at 234, 581 S.E.2d at 754; see also Chambers v. Transit Mgmt., 360 N.C. 609, 616, 636 S.E.2d 553, 557 (2006) ("To establish the necessary causal relationship for compensation under the Act, the evidence must be such as to take the case out of the realm of conjecture and remote possibility."(quotation omitted));Cannon v. Goodyear Tire & Rubber Co., 171 N.C. App. 254, 264, 614 S.E.2d 440, 446-47 ("Expert testimony that a work-related injury ' could' or 'might' have caused further injury is insufficient to prove causation when other evidence shows the testimony to be a guess or mere speculation"(quotation omitted)), disc. rev. denied, 360 N.C. 61, 621 S.E.2d 177 (2005).
After a thorough review of the record on appeal, transcript, deposition, and plaintiff's medical records, competent evidence in the record supports the challenged findings of fact. McRae, 358 N.C. at 496, 597 S.E.2d at 700. These findings of fact together with the Commission's other unchallenged findings of fact support its conclusion of law that plaintiff failed to "establish[] a causal link between his alleged lifting incident and his back condition." Id. This assignment of error is overruled.

V. Conclusion
Competent evidence in the record on appeal supports the Commission's findings of fact. These findings of fact support the Commission's conclusions of law. These conclusions of law are not erroneous as a matter of law. The Commission's opinion and award is affirmed.
Affirmed.
Judges JACKSON and ARROWOOD concur.
Report per Rule 30(e).